## STATE ex rel. JOHN GARWIN v. DISTRICT COURT OF CASS COUNTY and Others.[1]

March 19, 1915.

Nos. 19,197—(307).

**Workmen's Compensation Act — permanent partial disability.**

1. Section 15 of the Workmen's Compensation Act limits the liability of an employer for accidental injury to an employee, where such employee had before entering the service suffered an injury which resulted in permanent partial disability, to the compensation provided for by section 13 for a permanent partial disability, though both injuries result in permanent total disability.

**Same — meaning of section 15.**

2. Prior to the time relator entered respondent's service he had lost the sight of one eye by accidental means; after entering respondent's service he lost, by accident happening during the course of his employment, the sight of his other eye, thus rendering him totally blind. It is *held* that under section 15 of the compensation act the last employer is liable for a permanent partial disability only, for that was the extent of the injury which the employee suffered while in his service.

**Findings — presumption.**

3. The findings of the trial court, in the absence of a settled case, are presumed to be within the issues litigated on the trial, whether presented by the pleadings or not.

[1] Reported in 151 N. W. 910.

Upon the relation of John Garwin this court granted its writ of *certiorari* directed to the district court for Cass county and J. Neils Lumber Co. to review the decision of Stanton, J., that relator was entitled to $525 from respondent lumber company under the Workmen's Compensation Act.  Affirmed.

*Moritz Heim,* for relator.

*P. J. McLaughlin,* for respondent.

BROWN, C. J.

*Certiorari* to review a judgment entered in proceedings under the Workmen's Compensation Act.  The facts are short, and as follows:

At the time relator entered the employ of respondent, J. Neils Lumber Co., he was totally blind in one eye, having lost the sight thereof by an accidental injury suffered some time prior to his employment with respondent.  Within the compensation statute this was a permanent partial disability.  While engaged in the work of his employment for respondent relator suffered another injury which totally destroyed the sight of his remaining eye, thus rendering him totally blind.  Upon these facts, about which there is no dispute, the trial court awarded to relator the compensation provided for by the statute for a permanent partial disability, and judgment was entered accordingly.

It was relator's contention in the court below, renewed in this court, that the injury suffered by him, the loss of his remaining eye, constitutes a permanent total disability and that within the proper construction of the compensation act he is entitled to compensation upon that basis.  In this we are unable to concur.

1. The proceeding is founded wholly upon Part 2 of the compensation act, and we have only to apply the pertinent provisions thereof.  This part of the statute creates a new liability on the part of the employers of labor, one not heretofore existing.  It involves no branch of the law of negligence, and liability is in no measure dependent upon wrongdoing or neglect of the employer.  It deals exclusively with accidental injuries suffered by employees while engaged in the course of their employment, and imposes pecuniary

liability upon the employer therefor, on the theory that the industry should bear in part the loss so suffered. No doubt in the enactment of the statute, and in providing for relief in cases of this kind, the legislature had in mind the fact that persons suffering from permanent partial disability would seek such employment as their remaining ability would fit them to discharge, and express provision was made in the statute to protect the employer from liability for injuries received by an employee before entering his service. And to this end section 15 of the act was incorporated therein. That section provides:

"If an employee receives an injury, which, of itself, would only cause permanent partial disability, but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury."

The language of the statute is clear and unambiguous, and clearly was intended to limit the liability of the employer to compensation commensurate with the injury suffered by the employee while in his service, and to relieve him from the consequences of injuries previously sustained, even though both resulted in permanent total disability. From the view point of the legislature, and the fact that the liability created is founded upon no wrong of the employer, it would seem fairly clear that this limitation upon the liability was deliberately made, and founded in justice and fairness. The employer accepts in his service a disabled employee, knowing of the disability and with the knowledge that under the compensation statute he is liable for accidental injuries to such employee while engaged in his service, but to couple the prior disability with one suffered while in his service and make the employer liable for both, would seem a hardship the legislature intended to avoid. At least we think the language of the statute clearly manifests that intention. The statute is too plain to admit of any other view, and there is no room for judicial construction. While it is true that the combined injuries result in total disability the statute declares that as to the last employer it shall be treated as a partial disability. That the legislature had the right to so provide cannot

well be questioned. And though the statute is remedial in the broadest sense of the term, to be liberally construed, the court is without power or authority to change the plain language thereof by construing it to mean the reverse of what is clearly stated therein. A similar provision is found in the compensation acts of other states, but we have been cited to no case directly construing it, and our research has brought none to light. Mellen Lumber Co. v. Ind. Comm. 154 Wis. 114, 142 N. W. 187, cited by relator, is not in point. The facts there before the court were unlike those in the case at bar. But it would seem that the judicial precedent is unnecessary to support this view of the statute. We are impressed that to sustain relator's contention would tend only to embarrass partially disabled laborers from securing employment, for employers would be reluctant to engage them if there was a contingent liability to make compensation for injuries previously suffered by them. However, the question of the wisdom and propriety of this provision of the law is not before us. We give effect to it as expressed therein, and if it is deemed harsh and inequitable the remedy is with the legislature.

2. The record does not present the question discussed by relator in reference to the sufficiency of respondent's answer to raise the question decided; it being contended that the prior injury should be specially pleaded to be available in reduction of the compensation. The cause comes here on the pleadings, findings and judgment, and we assume that the findings were fully justified by the evidence presented to the court below, and to correspond to the issues litigated whether presented by the pleadings or not. Pavelka v. Pavelka, 116 Minn. 75, 133 N. W. 176; 1 Dunnell, Minn. Dig. § 372.

It follows that relator's compensation is given by section 13 of the act, namely, "for the loss of an eye, fifty per centum of daily wages during one hundred weeks," and the trial court was right in ordering judgment accordingly.

Judgment affirmed.