I. B. JENNINGS, Appellee, v. MASON CITY SEWER PIPE COM-PANY, Appellant.

MASTER AND SERVANT: Workmen's Compensation Act—Loss of
1. Remaining Eye. A servant who is injured by the loss of his only remaining eye is entitled to compensation on the basis of a disability total in character and permanent in quality,—50 per cent of the average weekly wage for 400 weeks. (Sec. 2477-m9, Code Supp., 1913. But see 38 G. A., Ch. 220.)

MASTER AND SERVANT: Workmen's Compensation Act—Error
2 Without Prejudice. Conceding that a ruling of the industrial
commissioner was not strictly authorized, yet the beneficiary
of the ruling may not complain, especially when the ruling
worked substantial equity. (Sec. 2477-m33, Supp., 1913.)

*Appeal from Cerro Gordo District Court.—*M. F. EDWARDS,
Judge.

NOVEMBER 22, 1919.

PROCEEDING under the Workmen's Compensation Act
to recover compensation for the loss of an eye, being the
only eye the complainant had at the time of his injury. The
industrial commissioner allowed compensation as for total
disability, deducting, however, from such allowance the
compensation value of the eye previously lost. This al-
lowance was affirmed by the district court, and the defend-
ant appeals.—*Affirmed.*

*Smith & Rinard,* for appellant.

*J. E. Williams,* for appellee.

EVANS, J.—The one question in the case is whether our
Workmen's Compensation Act establishes a fixed compen-
sation value for the loss of one eye, regardless of whether
the eye thus lost is the only eye of the in-
jured party. The question involves a con-
struction of Section 2477-m9. (i) and 2477-
m9 (j).

1. MASTER AND SERVANT: Workmen's Compensation Act: loss of remaining eye.

Section 2477-m9 (j) contains 19 subsec-
tions. Only Subsections 16, 17, and 18 have any bearing
upon the question presented.

Section 2477-m9 (i) is as follows:

"(i) For disability *total* in character and permanent
in quality, fifty per cent of the average weekly wages re-
ceived at the time of the injury, subject to a maximum com-
pensation of ten dollars per week, and a minimum of five

dollars per week; provided, that if at the time of injury, the employee receives wages less than five dollars per week, then he shall receive the full amount of wages per week. This compensation shall be paid during the period of such disability, not, however, beyond four hundred weeks."

Section 2477-m9 (j) is, in part, as follows:

"(j) For disability *partial* in character and permanent in quality, the compensation shall be based upon the extent of such disability.

"For all cases included in the following schedule, compensation shall be paid as follows, to wit:  *  *  *

"(16) For the loss of an eye, fifty per cent of daily wages during one hundred weeks.

"(17) For the loss of both arms, or both hands, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to provisions of Clause (i), Section Ten, Part One hereof.

"(18) In all other cases in this, Clause (j), the compensation shall bear such relation to the amount stated in the above schedule as the disability bears to those produced by the injuries named in the schedule. Should the employee and employer be unable to agree upon the amount of compensation to be paid in cases not specifically covered by the schedule, the amount of compensation shall be settled according to provisions of this act as in other cases of disagreement."

The question presented to us involves a construction of the foregoing sections of the statute. A few authorities are cited to us pro and con, but they furnish us little aid, because the statutes under discussion therein are not identical with ours. This is particularly so as to the authorities cited by appellant. It will be noted that Subdivisions (i) and (j) classify permanent disability as "total" and "partial."

For disability *total* in character and permanent in quality, Subdivision (i) establishes a weekly compensation of 50 per cent of the wages for 400 weeks.

Subsection 16 of Subdivision (j) establishes the compensation "for the loss of an eye" at 50 per cent of the wages for 100 weeks.

The contention of appellant is that this section fixes the compensation for the loss of an eye, regardless of whether such loss results in total or only partial disability.

It will be noted, also, that, under Subsection 17, the loss of both eyes constitutes a total permanent disability. It follows, of necessity, that the loss of the only eye constitutes a total permanent disability. Subdivision (i) deals with disability *total* in character and permanent in quality. Subdivision (j) deals only with disability *partial* in character and permanent in quality. Which section, therefore, is applicable to the case before us? We think the case is necessarily ruled by Subdivision (i).

It appears that, since the time of this injury, the statute has been amended at this point. The appellant urges upon us that the statute, as above set forth, should be construed by us in accordance with the later amendment, on the theory that the amendment discloses the legislative construction of the original statute. The position is not tenable. We must construe the statute as it was, and the amendment as it is. A legislature construes enactments of previous legislatures only for its own purposes. An amendment enacted does not indicate a construction of the original statute further than that, as construed, it was deemed to need amendment.

In this case, the industrial commissioner allowed the compensation rate for 300 weeks only, and not for 400 weeks. It is urged by the appellant that this presents an

inconsistency in the action of the commis-

**2. MASTER AND SERVANT: Workmen's Compensation Act: error without prejudice.** sioner, in that, if there was a total disability, then there should have been an allowance for 400 weeks.

Granting the inconsistency, the appellant is not hurt by it. The theory of the commissioner was that, though the disability was total, nevertheless the extent of the injury was less than would have been the loss of two eyes. The commissioner, therefore, deducted from the allowance for total disability the compensation value of the first loss of an eye, deeming that as a *partial* disability. It was an effort on the part of the commissioner at attaining equity, and worked no prejudice to the appellant. However, if the result is inconsistent with the statute, it will invite our scrutiny and caution, lest the conclusions of the commissioner become the equivalent of new legislation, supplying the deficiencies of the statute, if any. Since we hold that the plaintiff's injury involved a total permanent disability, it would follow *prima facie* that he was entitled to the compensation rate for 400 weeks. If this man had been previously compensated for the loss of the first eye, it would seem reasonable that the compensation rate then paid should be deemed as applied upon the statutory allowance for total permanent disability. Nor would it seem unreasonable to say that, where the total permanent disability was caused by the loss of an only eye, the injured party should be deemed, for the purposes of the statute, to have received the compensation rate for the loss of the first eye.

Whether, however, the commissioner had the power, under the statute, to so reduce the plaintiff's allowance, we need not determine. Whether his action was strictly authorized or not, it accomplished substantial equity to the appellant, and the appellee is not complaining.

In support of our main conclusion herein announced

as to total disability, see *In re Branconnier's Case,* 223
Mass. 273 (111 N. E. 792) ; *Matter of Schwab v. Emporium
Forestry Co.,* 167 App. Div. 614 (153 N. Y. Supp. 234).

The order of the commissioner will be—*Affirmed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.