# E. B. WARHEIM v. MELROSE GRANITE COMPANY AND ANOTHER.[1]

December 19, 1924.

No. 24,228.

**Previous compensation for loss of use of an eye does not affect schedule amount for subsequent injury requiring its removal.**

Compensation for the loss of the use of an eye, paid under a settlement between the employe, employer and insurer, does not debar the employe from recovering the full schedule compensation specified in the law for the removal of the same eye, injured in a subsequent employment under a different employer, it appearing that the employe recovered from the first injury so that in certain positions he could read print and note approaching objects.

Upon the relation of Melrose Granite Company and another the supreme court granted its writ of certiorari directed to the Industrial Commission to review its order awarding compensation in a proceeding brought under the Workmen's Compensation Act by E. B. Warheim, employe, against Melrose Granite Company, employer, and its insurer. Affirmed.

*Oppenheimer, Peterson, Dickson & Hodgson*, for relators.

*Clifford L. Hilton*, Attorney General, and *Hugo V. Koch*, for respondent.

HOLT, J.

Certiorari in a workman's compensation case where the employe was allowed full compensation for loss of an eye. Admittedly the proper award were it not for these facts: The employe is a granite cutter. A little more than one year previous to the accident here involved, the same eye was accidently injured and the eyesight therein so impaired that a settlement was made between him, his then employer and the latter's insurer, whereby he was to receive the full amount allowable under the law for total loss of the use of an eye. However, its vision was not wholly destroyed. He could see to read

[1]Reported in 201 N. W. 543.

print when held at an angle from the eye, but not when held in front thereof. He could see and determine objects coming towards him anywhere within the field of ordinary vision except when coming directly towards him. He had therefore in this eye a much more useful member than the one involved in the case of Hessley v. Minneapolis Steel Const. Co. 156 Minn. 405, 195 N. W. 274. When a steel sliver struck this same eye while the employe was working for the present employer, it was so injured that it had to be entirely removed.

It is true that the previous injury to the eye may be said to have resulted in a total loss of vision for industrial purposes. But, as stated, he had an eye that was of some use to him. We are not advised how much more comfortably he could have passed the balance of his days with that eye in the socket than with the socket empty or filled with a glass eye. At any rate, the last injury resulted in the loss not only of some vision but of the eye itself, and the question now is: Does the fact that the employe received compensation for the loss of the use of the eye by reason of an earlier injury bar him from receiving the full compensation under the specific schedule for the loss of the eye? The last injury in the case at bar deprived the employe of an eye having more vision remaining after the first injury than in the Hessley case. The only difference is that in the latter when the first injury occurred, the compensation law was not in force and Hessley received nothing on account thereof.

The employer concedes some compensation and suggests that it should be determined under this provision of the law: "If an employe receive an injury, which of itself would only cause permanent partial disability, but which combined with a previous disability does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury." (Section 16; c. 82, L. 1921.)

It would be a forced construction to make this statute applicable to this case. The combined injuries here did not produce permanent total disability. In fact, so long as the employe may have the full vision of his remaining eye, there is no total disability or really in

fact any disability in earning full wages in his accustomed work. Under that section one who was totally incapacitated by the loss of his only remaining eye, vision in the other having been lost in a previous injury, was awarded no more than the schedule specifies, for the loss of an eye. State ex rel. Garwin v. District Court, 129 Minn. 156, 151 N. W. 910. It was there said that, even if the law as given effect was deemed harsh against the employe, the remedy was with the legislature, so here it may seem inequitable to the employer that full compensation should be given for the loss of an eye which another employer has also paid for, but that is due to the imperfection of the statute, and the remedy is with the legislature. The commission and the court are not given authority to award a compensation that will fit justice in each individual case. Especially is this true when it comes to the schedule given for the loss of a member of the body. It is the same for the youth as for the one tottering on the brink of the grave. It is the same for a member of perfect vigor and function as for one impaired and ill functioning. We therefore think the schedule should be permitted to speak where it specifically awards a sum certain for the loss of a member.

Here was an actual removal of a member of the body for which the schedule fixes a specific compensation. To be sure, such member was impaired, but functioning to some extent. That it results in double compensation, in that a previous compensation has been paid by another employer, is the good fortune of the employe, for the statute has omitted to make provision for such cases. This is also apparent from the fact that, had the first injury resulted in the loss of a half or a third of the vision of the eye in question and compensation been paid accordingly, the law does not authorize the Industrial Commission to take the compensation therefor into consideration in the award for the subsequent injury resulting in the removal of the eye. The difference between such a case and the one at bar is only one in degree of what may seem unfair compensation because of defects in the law itself. We think the Hessley award controls and that the previous injury and compensation for the loss of the use of an eye cannot affect the schedule amount for a

subsequent injury necessitating its removal. The reasoning guiding the court under analogous compensation schedules seems to sustain the conclusion we reach (Mark Mnfg. Co. v. Ind. Comm. 286 Ill. 620, 122 N. E. 84, and Purchase v. Grand Rapids Refrigerator Co. 194 Mich. 103, 160 N. W. 391. Jennings v. Mason City Sewer Pipe Co. 187 Iowa, 967, 174 N. W. 785, cited by relator affords no aid. It was the loss of an only eye, and seems not to accord with our own decision in the Garwin case, supra. Moreover the statute is not the same.

The award is affirmed.