George Pappas, Appellant, v. North Iowa Brick & Tile Company et al., Appellees.

MASTER AND SERVANT: Workmen's Compensation Act—Loss of
1 Less Than Arm—Compensation Period. Inasmuch as the Workmen's Compensation Act does not *definitely* fix the compensation period for the loss of more than a hand but less than two thirds of the arm, such period must, in case of dispute, be determined by arbitration, or by the industrial commissioner, in case arbitration is waived, and must, *even though the arm is the only arm possessed by the employee at the time of the injury*, be determined by adding to the compensation period of 150 weeks for the loss of a hand such period as will equitably adjust the compensation between the loss of a hand and the loss of an arm, such total period not to equal, however, 225 weeks—the statutory period for the loss of an arm. (Sec. 1396, Code of 1924.)

MASTER AND SERVANT: Workmen's Compensation Act—Commis-
2 sioner's Finding as to Compensation Period. The determination by the industrial commissioner (arbitration being waived) of the compensation period for the loss of more than a hand and admittedly less than the arm, at a period between 150 weeks for the loss of a hand and less than 225 weeks for the loss of an arm, is conclusive on the courts. (Secs. 1396, 1453, Code of 1924.)

MASTER AND SERVANT: Workmen's Compensation Act—Compen-
3 sation—Tender—Effect. A tender by an employer of the proper amount of compensation payments, and for the proper compensation period, absolves the employer from all obligation to pay interest on such payments pending an unsuccessful attempt by the employee to secure an increase in the compensation period. (See Book of Anno., Vol. 1, Sec. 9449, Anno. 42 *et seq.*)

MASTER AND SERVANT: Workmen's Compensation Act—Compen-
4 sation—Acceptance—Effect. The acceptance by an employee of tendered compensation payments under the Workmen's Compensation Act cannot prejudice him when the sole dispute between the employer and employee is as to the *time* the payments should continue.

Headnote 1: Workmen's Compensation Acts C. J. p. 97. Headnote 2: Workmen's Compensation Acts C. J. p. 122. Headnote 3: Workmen's Compensation Acts C. J. p. 119 (Anno.) Headnote 4: Workmen's Compensation Acts C. J. p. 108.

*Appeal from Cerro Gordo District Court.*—JOSEPH J. CLARK, Judge.

DECEMBER 15, 1925.

REHEARING DENIED MARCH 12, 1926.

ACTION to recover by plaintiff, as an injured employee, under the provisions of the Workmen's Compensation Law of Iowa. The opinion states the facts. Both parties to the action appeal from the judgment entered, awarding to the plaintiff the sum of $10.63 per week for a period of 225 weeks, in full compensation due for the loss of his second arm by the accident in question, with interest on the amount of said compensation at 6 per cent from the time each weekly payment became due. On the cross-appeal of the defendants, the judgment is—*Modified and affirmed.*

*Senneff, Bliss & Witwer,* for appellant.

*B. O. Montgomery,* for appellees.

DE GRAFF, J.—The claimant, George Pappas, seeks to recover compensation for injury arising out of and in the course of his employment, against his employer, the North Iowa Brick & Tile Company, and the Fidelity Casualty Company of New York, its insurance carrier. The action is predicated on the terms of the Workmen's Compensation Act of Iowa. The facts presently noted are not in dispute.

1. MASTER AND SERVANT: Workmen's Compensation Act: loss of less than arm; compensation period.

The matter was originally presented to the industrial commissioner of this state; who awarded compensation for 200 weeks, at $10.63 per week. An appeal was taken to the district court of Cerro Gordo County by the claimant, and thereafter, upon a trial of the issues, the decision of the commissioner was modified by awarding the claimant compensation for 225 weeks, at $10.63 per week. Judgment was entered for the amount, with accrued interest on each past-due payment for 122 weeks. From this judgment both the claimant and the defendants appeal to this court.

It is the contention of the plaintiff that, by reason of the injury sustained by him, he is entitled to receive compensation for 400 weeks for total permanent disability. This claim cannot be sustained. The defendants contend that the claimant is entitled to receive compensation for the loss of less than an arm, which amount is determined by as many weeks as the portion of the arm actually lost bore to two thirds of that part of the arm between the shoulder joint and the elbow. The commissioner determined the loss to be 200/225ths of the number of weeks to which he would have been entitled, had he lost the whole arm.

The claimant at the time of the injury was a one-armed man. It is shown that, while working on a tamping machine on March 11, 1919, while in the employ of the defendant company, he was so injured that he lost his right arm at the shoulder. He received compensation therefor in the sum of 200 weeks, which was full compensation under the then existing law. Thereafter, while in the service of the same employer, and while engaged in work upon the same or a similar machine, he received an injury on November 15, 1922, whereby he lost his left arm, "at a point where the lower third of the upper arm or humerus joins the middle third of the upper arm or humerus." The quoted fact is found in the filed stipulation.

The instant case is one of exceptional character, and the initial question may be stated: Are the provisions of the Workmen's Compensation Act of Iowa broad enough and sufficiently explicit to cover the question presented? The true perspective cannot be obtained by taking into consideration any particular section of the law, and it must be borne in mind that the industrial commissioner has no jurisdiction to award compensation other than that provided in the Compensation Act.

Our state legislature seems to have fixed the basis of compensation, having in its legislative mind a standard or normal man, with a body and all members thereof in a serviceable condition. It has provided in the schedules of the law the compensation that shall be paid in the event that any of the members of the body shall be lost through an industrial injury. It is further recognized that there might be cases where multiple injuries would occur, and in such cases it is contemplated that the

sum total of all such injuries should not exceed the amount of compensation fixed as the maximum in the event that the workman shall be totally disabled,—that is, 400 weeks. Section 2477-m9 (i), Code Supplement, 1913.

It is also provided that the total of the losses of parts of a member,—for example, the fingers,—shall not exceed the amount provided in the schedule for the loss of a hand. Section 2477-m9 (j) (7), Code Supplement, 1913.

It may also be observed that the original law was found to be uncertain and more or less ambiguous in its application to cases of an unusual type; as, for example, where a one-eyed man subsequently lost the remaining eye, or where a one-armed or a one-legged man subsequently lost the remaining arm or leg. This uncertainty was attempted to be removed by the Acts of the Thirty-seventh and Acts of the Thirty-eighth General Assemblies of Iowa. Prior to the adoption of these amendments, the law provided that the loss of an eye should be compensated by the payment of a percentage of wages during the period of 100 weeks. Nothing was said, however, about the period of compensation in the event that such loss was sustained by a workman who, at the time of the injury, had but one eye. The industrial commission was at liberty to follow the provisions of the law which said that the loss of both eyes should constitute permanent total disability, and could allow such compensation as would be equivalent to the difference between the payments to be made for one eye and the payments to be made for permanent disability. See *Jennings v. Mason City Sewer Pipe Co.*, 187 Iowa 967. Under the present law, the compensation allowed is for a specific time, by reason of a specific injury.

The original provisions with respect to unusual cases have been corrected by the legislature. For example, it is now provided that the loss of a remaining eye shall be compensated for 200 weeks. It clearly contemplates also the case of a one-armed or one-legged man, and to avoid any uncertainty it is provided that only the loss of two arms or two legs *caused by a single accident* shall constitute total and permanent disability, to be compensated according to the provisions governing cases of total permanent disability. Chapter 270, Section 7, Acts of

the Thirty-seventh General Assembly (Section 1396, Paragraph 19, Code of 1924).

The law applicable to this case is found in Section 2477-m9, Code Supplement, 1913, as amended by Chapter 270, Acts of the Thirty-seventh General Assembly, and Chapter 220, Acts of the Thirty-eighth General Assembly.

"(j)   For disability partial in character and permanent in quality, the compensation shall be as follows:

"For all cases included in the following schedule, compensation shall be paid as follows, to wit: * * *

"(13)   The loss of two thirds of that part of an arm between the shoulder joint and the elbow joint shall constitute the loss of an arm, and the compensation therefor shall be sixty (60) per cent of the average weekly wages during two hundred twenty-five (225) weeks. * * *

"(20)   In all other cases in this, clause (j), the compensation shall bear such relation to the amount stated in the above schedule as the disability bears to those produced by the injuries named in the schedule. Should the employee and employer be unable to agree upon the amount of compensation to be paid in cases not specifically covered by the schedule, the amount of compensation shall be settled according to provisions of this act as in other cases of disagreement."

Under the stipulation, the loss is agreed to be that of an arm at the juncture of the lower third of the humerus with the middle third of that bone. The schedule provides that the loss of two thirds of that part of an arm between the shoulder joint and the elbow joint shall equal the loss of an arm. In this case, there was no such loss. Therefore, it cannot be said that the loss was equal to the loss of an arm.

By reference to Paragraphs 12 and 13 of the schedule, Section 2477-m9 (j), it is seen that the compensation for the loss of a hand is for 150 weeks, and for the loss of an arm two thirds of the way up on the upper bone, it is for 225 weeks. It therefore follows that in the case at bar the compensation must be for less than 225 weeks. The statute provides (Section 2477-m9 [j]) that, in such cases as are not specifically provided for in the schedule, such compensation shall be paid as the loss sustained bears to the enumerated losses; and therefore it became

the duty of the commissioner to determine the compensation when more than the hand has been taken, but less than an arm. In other words, he is to determine how much should be added to the hand schedule, and how much deducted from the arm schedule, in arriving at the compensation to be allowed. The commissioner determined that 200 weeks, or 8/9ths of the time named in Paragraph 13, should be the basis.

It is further provided, under the law in force at the time of this accident, Section 2477-m9 (j) (20), that such cases should be settled in the same manner as other disagreements under the act; and, in view of the waiver of arbitration of the parties, the industrial commissioner properly exercised his power to determine the extent of the loss and the compensation payable therefor. Under our decisions, his decision is conclusive. *Royal v. Hawkeye Portland Cement Co.*, 195 Iowa 534; *Flint v. City of Eldon*, 191 Iowa 845.

2. MASTER AND SERVANT: Workmen's Compensation Act: commissioner's finding as to compensation period.

It may also be noticed that the legislature has further indicated that it had in mind the matter of successive injuries, since, in Section 2477-m15 (h), Code Supplement, 1913, it is expressly provided that, where a workman has been injured, and was paid compensation under the terms of the act, the compensation for each subsequent injury shall be apportioned according to the proportion of incapacity and disability caused by the respective injuries which he may have suffered.

In passing, it may be stated that, since the ruling in the *Jennings* case, supra, the legislature by amendments has changed the basis of this decision. One amendment heretofore cited requires that a double dismemberment must be caused by a single accident, to constitute total permanent disability, and the other provides compensation for 200 weeks for the loss of the last and only eye. These amendments clearly remove any doubt as to what the consequence is when two members of the body are lost in separate accidents.

As bearing on this question, the decisions of courts of last resort of our sister states in construing similar statutes may be cited: *Weaver v. Maxwell Motor Co.*, 186 Mich. 588 (152 N. W. 993); *Collins v. Albrecht Co.*, 212 Mich. 147 (180 N. W. 480); *Lumbermen's Reciprocal Assn. v. Gilmore*, (Tex. Civ. App.)

258 S. W. 268; *State ex rel. Garwin v. District Court*, 129 Minn. 156 (151 N. W. 910); *Aetna Life Ins. Co. v. Industrial Com.*, 64 Utah 230 (228 Pac. 1081).

It may be said that the arguments on behalf of the claimant in this case are worthy of commendation. The claimant has suffered a misfortune beyond that which any money consideration can relieve, or for which it can compensate him. However, we cannot ignore the intent of the law. Compensation statutes are liberally construed. *Bidwell Coal Co. v. Davidson*, 187 Iowa 809; 1 Honnold on Workmen's Compensation 25. This does not mean that the statute shall be given a strained construction, to meet the exigencies of a particular case. *Porter v. Mapleton Elec. Light Co.*, 191 Iowa 1031. Nor may the statute be amended by judicial construction. *Knudson v. Jackson*, 191 Iowa 947; *Double v. Iowa-Nebraska Coal Co.*, 198 Iowa 1351.

It is our conclusion, therefore, that the decision of the Iowa industrial commissioner must be sustained. The district court erred in its award of 225 weeks.

Did the trial court err in allowing interest on the payments that are claimed to have been tendered by the employer prior to the commencement of this proceeding?

In the opinion of the industrial commissioner, which was certified on appeal to the district court, it is recited that the defendants aver that at all times since the second accident they have been willing to pay, and have made repeated tenders of compensation, at the weekly rate stipulated, for a period of 200 weeks. In the finding made by the commissioner, compensation was allowed to the claimant for a period of 200 weeks without interest. Under this record, it must be held that the commissioner made a finding of fact on this matter. Does legal principle sustain the finding?

3. MASTER AND SERVANT: Workmen's Compensation Act: compensation: ·tender: effect.

Since the employer tendered, without condition, the amount as claimed per week, and kept that tender good, he should not be required to pay interest upon the amounts so tendered. The general law must govern, under such circumstances. *Metropolitan Nat. Bank v. Commercial St. Bank*, 104 Iowa 682. The employee simply refused to accept the weekly payments until

the number of weeks for which he was entitled to receive compensation was determined. There was no question that the injury arose out of and in the course of his employment with the defendant. Liability was admitted, and necessarily so; and there was no legal reason for the claimant to refuse the weekly payments in proper amounts.

The acceptance of the tender could not in any way have prejudiced the claimant's case. The law wisely guards him against such a danger. It is provided that any payment to be made under this act may be reviewed by the industrial commissioner at the request of the employer or of the employee, and on such review it may be ended, diminished, or increased, subject to the amounts provided in the act, if the commissioner finds that the condition of the employee warrants such action. Section 2477-m34, Code Supplement, 1913.

*4. MASTER AND SERVANT: Workmen's Compensation Act: compensation: acceptance: effect.*

The ruling of the industrial commissioner was correct. It follows, therefore, that the cross-appeal of the defendants must be sustained, and the judgment entered by the trial court modified in the particulars set out in this opinion.

It is ordered that the trial court enter a judgment in conformity to the rulings herein made.—*Modified and affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.