**Billie D. WILSON, Appellant,**

v.

**Otha H. MORRIS et ux., Appellees.**

**No. 16432.**

Court of Civil Appeals of Texas.

Fort Worth.

May 31, 1963.

Lewis Carroll Fielden, Houston, for appellant.

Coleman & Whitten, and Royce Whitten, Denton, for appellees.

RENFRO, Justice.

Appellees, Otha H. Morris and wife Allie, petitioned the court for leave to adopt their four year old granddaughter, Lynelle Wilson. The mother of the child was deceased. By intervention the child's father, Billie D. Wilson, opposed the adoption.

The adoption was granted. Intervener appealed.

 Appellant contends the report of the investigators should not have been received by the court because the manner of conducting the investigation and the preparation of the report thereof were irregular and not in compliance with the adoption statutes.

The adoption statutes were strictly complied with by appellees, and the court followed the statute in appointing Lee Holt, an attorney, and Marie Beck to investigate and in writing fully report to the court concerning the environment, former en-

vironment, and antecedents of the minor child for the purpose of the court's ascertainment whether she was a proper subject for adoption, and also concerning the home of petitioners in order to enable the court to determine whether it was a suitable home for such child.

The investigators duly filed their report, under oath, concerning all the matters required under Art. 46a, § 2, Vernon's Ann. Tex.Civ.St.

Mr. Holt testified at the hearing. He testified that the report contained two errors. The trial court filed exhaustive findings of fact, which occupy thirteen pages of the transcript. In finding No. 31 the court found that "The information contained in the Investigators Report is substantially true and correct and any error in such Investigators' report was brought out before the Court in this cause of ac-

tion." The record fully supports the finding. Mr. Holt's testimony reveals that he and Mrs. Beck made a thorough, independent and conscientious investigation, and they signed and swore to the report. The fact that it inadvertently contained two errors did not make it inadmissible.

■ The appellant also contends the findings that appellees were suitable and proper persons to adopt the child and that their home was a suitable home for the child are against the great weight and preponderance of the evidence.

We will not burden the opinion with the testimony of the individual witnesses. It will suffice to say there is an abundance of evidence from the several witnesses who testified, in addition to the investigators' report, to uphold the said findings.

Judgment affirmed.