HUTSKO *v.* CHRYSLER CORPORATION.

1. WORKMEN'S COMPENSATION—PURPOSE—METHOD.
     Workmen's compensation act is designed to compensate employees for injuries arising out of or in the course of their employment, and in general is based on a wage loss theory, but there is an exception to this theory in the case of specific loss, in which a schedule provides compensation to be paid for a specific time even though the employee is able to return to work at the same wage he was receiving before the injury (CL 1948, § 412.1 *et seq.,* as amended; § 412.10, as amended by PA 1965, No 44).

2. SAME—SPECIFIC LOSS—HAND—TEST.
     Standard to be applied to determine whether there is a specific loss of a hand without the hand being amputated is that the hand must be industrially useless, *i.e.,* injured so severely that it can no longer be used in industrial pursuits (CLS 1961, § 412.10, as amended by PA 1965, No 44).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation §§ 2, 281, 284.
[2–4] 58 Am Jur, Workmen's Compensation § 287.
     Workmen's compensation: what amounts to loss of member within the meaning of the acts. 18 ALR 1350.
     What amounts to total incapacity within Workmen's Compensation Acts. 67 ALR 785, 98 ALR 729.

3. Same—Specific Loss—Hand—Industrial Use.

    Workmen's compensation claimant who suffered an injury to his right hand which prevented its use in his employment as a millwright, but which did not prevent its use for work in general labor, *held*, not to have suffered a specific loss by loss of industrial use of his right hand (CLS 1961, § 412.10, as amended by PA 1965, No 44).

4. Same—Award—Error—Millwright—Hand Injury.

    Award by workmen's compensation appeal board of benefits for a specific loss to a claimant who had suffered an injury to his right hand which prevented its use in his specialty as millwright, *held*, error in case where the hand was not so severely injured as to prevent its use in other industrial pursuits (CLS 1961, § 412.10, as amended by PA 1965, No 44).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 January 4, 1967, at Detroit. (Docket No. 1,761.) Decided June 13, 1967. Leave to appeal granted October 16, 1967. See 379 Mich 784.

Andrew Hutsko presented his claim for workmen's compensation for loss of the industrial use of his right hand. Two referees awarded compensation for different periods of time, but did not find loss of industrial use of the hand. Plaintiff appealed to Workmen's Compensation Appeal Board. Awards modified to grant compensation for specific loss of right hand. Defendant employer Chrysler Corporation appeals. Reversed, and referees' awards reinstated.

*Rothe, Marston, Mazey, Sachs & O'Connell* (*B. M. Freid,* of counsel), for plaintiff.

*Thaddeus F. Felker,* for defendant.

Holbrook, J. Plaintiff, Andrew Hutsko, was employed by the defendant, Chrysler Corporation, in

the capacity of millwright. On June 24, 1960, while in the course of his employment, he injured his right hand. This injury resulted in the amputation of the little finger and some .damage to the three remaining fingers of plaintiff's right hand.

All the medical testimony contained in the record shows that plaintiff suffered the loss of the use of his right hand in his specialty as a millwright but that he still had the use of his hand for work in the general field of labor.

Plaintiff did not work from June 24, 1960, until June 12, 1961, when he returned to work for the defendant at the same wages he received as a millwright but not in the position of a millwright. He continued in his work until retirement except for the following periods: September 30, 1961, through October 8, 1961; December 1, 1961, through April 11, 1962; August 12, 1962, through October 13, 1962. He was involuntarily retired at age 65 on January 31, 1963.

This case was before a workmen's compensation board referee on two occasions. Each resulted in an award for the plaintiff for a general disability. The first granted compensation for the periods plaintiff did not work between the date of his injury and the date of his retirement. The second granted the plaintiff compensation from the date of his retirement until the department would order otherwise. Neither award found .that plaintiff had lost the industrial use of his right hand.

Plaintiff appealed both awards to the workmen's compensation appeal board claiming that he had suffered the industrial loss of use of his right hand in his specialty, i.e., millwright, and therefore he was entitled to compensation for a specific loss. The workmen's compensation appeal board modified the award of the department's referee and granted

plaintiff compensation for a specific loss of his right hand.

Defendant appeals from this decision of the workmen's compensation appeal board contending that since the plaintiff still had the use of his right hand in the general field of labor, he could not qualify for payments under the specific loss section of the act.

The workmen's compensation act is designed to compensate employees for injuries received arising out of or in the course of their employment. It is based on a wage loss theory. If an employee is injured in the course of his employment and is unable to work again or only able to work for a lesser wage, then he is entitled to benefits. The act provides for one exception to this general statement and that is the area of a specific loss. Section 10 of the act[1] sets out a schedule of what is considered a specific loss and the number of weeks compensation will be paid for the loss. This compensation is payable even though the employee is able to return to work at the same wage he was receiving before the injury.

The question presented to this Court for decision is: Did plaintiff suffer the loss of the industrial use of his right hand so as to qualify for benefits under the specific loss section of the workmen's compensation act even though he could use his hand in the general field of labor but not in his skilled occupation?

In interpreting section 10 of the act, our Supreme Court has recently stated in *Liesinger* v. *Owen-Ames-Kimball Company* (1966), 377 Mich 158, 167:

"Section 10 provided then, as it does now for the payment of weekly benefits for specified periods for

---

[1] CLS 1961, § 412.10 (Stat Ann 1960 Rev § 17.160).

certain specific losses—losses of thumbs, fingers, toes and phalanges thereof; hands; arms; feet; legs; and eyes. Those specific loss provisions were construed by this Court to mean that the compensation provided was payable whether a hand, for example, was amputated as the result of an industrial injury or so severely injured that there was loss of industrial use of the hand. See *Shumate* v. *American Stamping Company* (1959), 357 Mich 689; *Lentz* v. *Mumy Well Service* (1954), 340 Mich 1; *West* v. *Postum Co., Inc.* (1932), 260 Mich 545; and *Lovalo* v. *Michigan Stamping Co.* (1918), 202 Mich 85."

See, also, *Mitchell* v. *Metal-Assemblies, Inc.* (1966), 3 Mich App 143, 150.

The standard developed in these cases and the cases cited by the Supreme Court is that in order for a plaintiff to suffer a specific loss of a hand without it being amputated it must be industrially useless, *i.e.,* injured so severely that it could no longer be used in industrial pursuits. In the present case plaintiff's hand was not industrially useless because he still had the use of it in the general field of labor. Thus we are constrained to hold that he did not suffer a specific loss of his right hand.

While it is true that the findings of fact by the appeal board in regard to the industrial uselessness of plaintiff's hand, if sustained by the record, in the absence of fraud, are binding on this Court, the primary function of this Court is to correct any errors in applying the law to those facts.[2] The appeal board erred in granting benefits to plaintiff for a specific loss not because of any fact finding mistake, but because it applied an erroneous legal standard. The appeal board awarded plaintiff benefits because he could no longer perform his specialty

---

[2] Const 1963, art 6, § 28; CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).

despite the fact that the hand could be used in other industrial pursuits.

It seems clear to us that the legislature, by setting up a schedule for payments for specific losses and including in that schedule payments for hands as well as individual fingers, intended that they be treated separately. Therefore, unless a hand is amputated or injured so severely that it is no longer usable in industrial pursuits, there can be no recovery for a specific loss.

Plaintiff urges that the rule set forth in *Collins v. Albert A. Albrecht Co.* (1920), 212 Mich 147, is controlling authority for the case at hand. In *Collins,* the man was already blind in one eye and the injury was to his remaining good eye. This, said the Court in *Powers* v. *Motor Wheel Corporation* (1931), 252 Mich 639, 645, explains *Collins* as a variation of the general rule that the eye is not lost if any vision useful in industry remains. *Collins* is also discussed in *Liimatta* v. *Calumet & Hecla Mining Co.* (1924), 229 Mich 41, 43, 45. *Collins,* not being analogous to the instant case is not applicable.

The decision of the workmen's compensation appeal board is set aside and the awards granted by the workmen's compensation board hearing referees reinstated.

Lesinski, C. J., and Levin, J., concurred.