William A. IRISH, Claimant, Appellee,

v.

McCREARY SAW MILL, Employer, Appellee,

United Fire and Casualty Co., Insurance Carrier, Appellee,

Harry W. Dahl, Industrial Commissioner, Appellant.

No. 53829.

Supreme Court of Iowa.

March 10, 1970.

Richard C. Turner, Atty. Gen., and James R. Martin, Asst. Atty. Gen., for appellant.

Harry H. Smith, Sioux City, for claimant-appellee.

John J. Vizintos, Sioux City, for appellees.

REES, Justice.

This is an appeal in behalf of the Industrial Commissioner to determine whether an award of compensation may be made from the Second Injury Fund to an employee who has not been totally disabled and who has not totally lost nor lost the total use of a member listed in Section 85.-64, Code, 1966. From the judgment of the trial court affirming the review decision of the commissioner and determining total disability is not a necessary requirement for a claimant to recover against the Second Injury Fund, and that total loss of use of a member listed in the statute is not required, this appeal is taken in the name of the Industrial Commissioner. We affirm the trial court.

While this appeal is taken in the name of the Industrial Commissioner as appellant, it is apparently being prosecuted by the Attorney General in the light of his official responsibility under the provisions of Section 85.67, Code, 1966, which provides the Attorney General shall appoint a member of his staff to represent the Industrial Commissioner *and the Fund* in all proceedings in matters arising under the statute creating the Second Injury Fund, and directing the manner in which the fund is to be administered. This is obvious from the fact that the trial court affirmed the review decision of the Industrial Commissioner as will be hereinafter referred to.

Plaintiff-appellee Irish, while in the employ of defendant-appellee McCreary Saw Mill, on April 29, 1965, sustained personal injuries resulting in a 90% loss of his left arm. For this scheduled loss he was awarded 207 weeks of compensation as is provided by Section 85.34, Code, 1966. On July 21, 1965, claimant still in the employ of the appellee McCreary, sustained personal injuries arising out of and in the course of his employment, to his right hand when it came into contact with a circular saw, resulting in 37.5% permanent disability to his right hand, and for which he was paid compensation by the appellee, United Fire and Casualty Company. A memorandum of agreement as to compensation was filed with the Iowa Industrial Commissioner by appellee Casualty Company on September 23, 1965, and was duly approved by a Deputy Industrial Commissioner on the same date. The memorandum of agreement recited that appellee Irish was injured on July 21, 1965, as above stated, while in the employ of the appellee McCreary, and that the employee's actual average daily earnings for the number of hours commonly regarded as a day's work for the employ-

ment was $13.00 per day, and the temporary disability and healing period weekly rate was $40.00. July 7, 1967, appellee Irish filed an application for a review—reopening with the Iowa Industrial Commissioner, alleging the foregoing facts and further stating he was disabled from working from July 21, 1965, through April 1, 1966, and on July 17, 1967, appellee Casualty Company filed its Answer to the application for a review—reopening with the Industrial Commissioner admitting liability to appellee Irish to the extent of 37.5% of his right hand. By an amendment to his application for review—reopening, appellee Irish claimed that as the result of the injury to his left arm and the injury to his right hand, he was totally disabled, and thus entitled to additional benefits under the Second Injury Fund. The allegations of said amendment were admitted by appellee Casualty Company. A hearing was had before the Industrial Commissioner and in his review decision the Commissioner found and determined that because the claimant's injuries involved two major members he was entitled to have his disability determined under the provisions of Section 85.-34(2u), Code, 1966, where the test is industrial disability and not mere functional disability even though functional disability may be considered in the Commissioner's determination. The Commissioner determined that as a consequence of both of the injuries which claimant Irish had suffered, he had sustained 75% permanent industrial disability of his body as a whole, and after deducting the value of the left arm, 207 weeks and the right hand 65⅝ths weeks from the compensation owing for the industrial disability to the body as a whole of 375 weeks, the custodian of the Second Injury Fund was ordered to pay from said fund an additional 102⅞ths weeks' compensation at the weekly rate of $47.50. Such payments from the Second Injury Fund were to commence as of the date of the filing of the review—decision. An appeal from the review decision was taken in the name of the Industrial Commissioner to the Woodbury County Court and in the notice of appeal the Attorney General asserted that the ground of the appeal is that the Commissioner acted without or in excess of his powers. Hearing was had in the District Court on the record, and the review decision of the Industrial Commissioner was affirmed.

I. The statute with which we are principally concerned here, Section 85.64, Code, 1966, provides,

"Limitation of benefits. If any employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently disabled by a compensable injury which has resulted in the loss of or loss of use of another such member or organ, the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability. In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the 'Second Injury Fund' created by this division the remainder of such compensation as would be payable for the degree of permanent disability involved after first deducting from such remainder the compensable value of the previously lost member or organ.

"Any benefits received by any such employee, or to which he may be entitled, by reason of such increased disability from any state or federal fund or agency, to which said employee has not directly contributed, shall be regarded as a credit to any award made against said second injury fund as aforesaid."

This statute was originally enacted by the 51st General Assembly in 1945, and as originally enacted it provided,

"Sec. 2. If an employee who has previously lost, or lost the use of, one hand, one arm, one foot, one leg, or one eye, becomes permanently *and totally* disabled by a compensable injury which has resulted in the loss of or loss of use of another such

member or organ, the employer shall be liable only for the degree of disability which would have resulted from the latter injury if there had been no pre-existing disability. In addition to such compensation, and after the expiration of the full period provided by law for the payments thereof by the employer, the employee shall be paid out of the 'Second Injury Fund' created by this Act the remainder of such compensation as would be payable for *permanent total disability* after first deducting from such remainder the compensable value of the previously lost member or organ.

"Any benefits received by any such employee, or to which he may be entitled, by reason of such increased disability from any state or federal fund or agency, to which said employee has not directly contributed, shall be regarded as a credit to any award made against said Second Injury Fund as aforesaid". (Italics supplied.)

The original Act was amendatory to Chapter 70, Code, 1939, now Chapter 86, Code, 1966. By Chapter 59, section 6 of the Acts of the 54th General Assembly, the legislature amended the Act as originally passed by striking the words "and totally" from the first sentence of the Act originally enacted, and struck from the second sentence the word "permanent total disability", and inserted in lieu thereof the words "the degree of permanent disability involved". We are impressed by the headnote or preamble to Chapter 59 of the Acts of the 54th General Assembly appearing at page 88 of the published Act, and while we recognize some degree of editorial license might be involved, the purpose of the Act, among other things, was to "liberalize the provisions of the Second Injury Fund." We are enjoined here by both the appellant and the appellee to give credence to legislative intent. We are forced to the inescapable conclusion that while the Act providing for compensation for second injuries as originally enacted by the 51st General Assembly contemplated permanent *and total* disability that the original Act was mellowed and liberalized by the Acts of the 54th

General Assembly which removed total disability as a requirement entitling an employee to compensation under the Second Injury Compensation Act.

II. In the first proposition relied upon for reversal, appellant contends the District Court erred in its conclusion of law that there need not be a showing of total permanent disability to the body as a whole before an award may be made against the Second Injury Fund. The appellant states that the rights of an employee under the Iowa Workmen's Compensation statutes depend totally upon the statute as no similar right existed at common law, that the Act is not a charity and must be administered by logical rules and not by sympathy, and courts are required to interpret the language of a statute fairly and sensibly and in accordance with the plain meaning of the words used by the Legislature, and may not read into a statute intent and meaning not therein expressed. Appellant cites authorities in support of these propositions, but we need not refer to them, as we deem them so fundamental as to require no comment. The appellant cites Kellogg v. Shute and Lewis Coal Company, 256 Iowa 1257, 130 N.W.2d 667, and Pappas v. North Iowa Brick and Tile Company, 201 Iowa 607, 206 N.W. 146. Neither of the cited cases involves the Second Injury Fund, and we are unable to discern wherein either of the cases cited is supportive of the appellant's position. Appellant asserts the Second Injury Compensation Act is a narrow coverage statute as opposed to a broad coverage statute, and in view of the fact that we are held to a literal reading of the statute and its application to the facts here which are not in dispute, we are unable to discern the exact thrust of the appellant's contention in this regard. The appellant insists that before an award may be made under the Second Injury Compensation Act, a finding of total permanent disability to the body as a whole must be made, and cites in support of this contention Davis v. Alexander, 213 Tenn. 131, 372 S.W.2d 769, and Second Injury Fund v. Keaton, 162 Tex. 250, 345

S.W.2d 711. We are unable to equate either of the last cited authorities to the situation here; the Tennessee statute, T.C.A. § 50–1027, on second injury refers to "permanently and totally incapacitated through [another] loss", and the Tennessee court held that in order to sustain the claim against second injury fund, the claimant must prove that he suffered a previous permanent disability and that as a result of second injury he became permanently and totally disabled. In Second Injury Fund v. Keaton, supra, the Texas court held that in order to render a second injury fund liable, there must be a showing of total and permanent incapacitation. However, the Texas statute (Article 8306, Sec. 12c, 12c–1 and 12c–2, Vernon's Anno.Civil Statutes) employs the phrase, "permanently and totally incapacitated through the loss or loss of use of another member". A comparison of the two cases last above cited with our statute leads us to conclude they are not supportive of the appellant's position here.

III. In his second proposition relied upon for reversal, appellant contends the district court erred in its conclusion of law that there need be no showing of total loss of two listed members before there may be an award made against the Second Injury Fund. All of the authorities cited by appellant are from sister jurisdictions and all of necessity interpret state statutes. All of course involve factual situations with respect to the type of injury sustained by the compensation claimant and the nature and extent of resultant disability. For example, in the case of Hutsko v. Chrysler Corp., 7 Mich.App. 52, 151 N.W.2d 191, cited by appellant, the claimant had suffered the amputation of the little finger and some damage to the three remaining fingers of his right hand. The medical testimony showed the claimant had suffered the loss of the use of his right hand in his speciality as a millwright, but still had the use of his hand for work in the general field of labor. The matter was before a workmen's compensation board referee on two occasions, but at neither time did the referee find the

plaintiff had lost the industrial use of his hand, and on appeal of both awards the appeal board modified the award and granted the claimant compensation for a specific loss of use of his right hand. The appellate court in construing the statute held that the factual showing did not justify a finding the claimant's hand was industrially useless because he still had the use of it in the general field of labor. We are unable to determine that the Hutsko case is in any sense supportive of the appellant's contention. This may also be said of the other authorities cited by the appellant in support of his second proposition relied upon for reversal.

So far as we are able to determine, Section 85.64, Code, 1966, has not before been subjected to judicial scrutiny. Therefore, the conclusions of law reached by the Industrial Commissioner in his review decision and the conclusions of law reached by the trial court confirming the review decision of the commissioner were reached without the benefit of precedent, at least insofar as this jurisdiction is concerned. There was obviously no dispute as to the facts; that is to say, the claimant had sustained injuries resulting in a 90% loss of his left arm and to injuries to his right hand, and that both injuries were related to his employment. The only issue before the trial court and now before us has to do with the determination of questions of law by the commissioner, and we have heretofore held the determination of questions of law by the industrial commissioner although entitled to careful consideration is not conclusive, being subject to review on appeal. Hoenig v. Mason and Hanger, Incorporated, Iowa, 162 N.W.2d 188, 190; Barton v. Nevada Poultry Co., 253 Iowa 285, 288, 289, 110 N.W.2d 660; Prokop v. Frank's Plastering Co., 257 Iowa 766, 769, 770, 133 N.W.2d 878. Our Workmen's Compensation law is for the benefit of the working man, and should be liberally construed to that end. Hoenig v. Mason and Hanger, Incorporated, supra, page 190; Price v. Fred Carlson Co., 254 Iowa 296,

299, 117 N.W.2d 439; Harrison v. Keller, 254 Iowa 267, 270, 117 N.W.2d 477.

We conclude the interpretation placed on Section 85.64, Code, 1966, by the Industrial Commissioner in his review—reopening decision and directing the payment of compensation from the Second Injury Fund is in keeping with the legislative mandate obviating the necessity for a showing of total disability, and that the phrase "loss of use" was not intended by the legislature to imply "total loss of use" of a member of the body, or the body as a whole. The conclusions of law reached by the trial court affirming the review decision of the commissioner are, therefore, affirmed.

Affirmed.

All Justices concur, except UHLEN-HOPP, J., who takes no part.