BASIL HERBST v. INDEPENDENT SCHOOL DISTRICT NO. 793 AND ANOTHER.

194 N. W. 2d 273.

January 28, 1972—No. 42996.

*Robb, Van Eps and Gilmore,* and *George R. Benton,* for relators.
*Raymond O. Adel,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Certiorari to review a decision of the Workmen's Compensation Commission awarding the employee scheduled compensation for loss of an eye pursuant to Minn. St. 176.101, subd. 3(21, 41), without deduction for preexisting impairment due to a non-work-related injury.

The employee sustained a work-related injury to his left eye, the visual acuity of which was thereafter rated at 20/300 Snellen, uncorrected; and he could only distinguish light from darkness with a corrective lens. A Snellen rating of 20/200 or more represents 100-percent loss of vision. Prior to the accident, the employee had a visual acuity rating of 20/100 Snellen, uncorrected, but with the aid of a corrective lens he could read ordinary printing with the eye. The preexisting impairment, which was not the result of a work-related injury, represents a 75-percent loss of vision.

The compensation judge applied the statutory schedule, treating the industrial loss at 100 percent. The employer contended that the prior

impairment of 75 percent must be deducted from the present 100-percent impairment to produce an award of only 25 percent of the scheduled compensation for permanent partial disability. The commission was unanimous in affirming the award. We affirm the decision of the commission.

Our decision is reached by reference to Hessley v. Minneapolis Steel Const. Co. 156 Minn. 405, 195 N. W. 274 (1923); Warheim v. Melrose Granite Co. 161 Minn. 275, 201 N. W. 543 (1924); and the language of the workmen's compensation statute.[1] In Hessley the employee had lost the usefulness of his left eye as the result of a childhood accident. He was able to distinguish light from darkness and to distinguish persons and vehicles approaching him, but his vision was so blurred that he could not read. As a result of an industrial accident it was necessary wholly to remove the eye from its socket, resulting in complete loss of the member. He was awarded the scheduled compensation for loss of the eye, without deduction for the preexisting non-work-related injury. In Warheim the employee had suffered a prior work-related injury to his eye. Its vision was not completely destroyed, for he could see to read print when held at an angle from the eye, although he could neither read nor determine objects coming directly toward him. As a result of the second industrial injury, however, it was necessary to remove the eye. Even though the employee had previously been compensated for the prior injury, this court affirmed an award of the scheduled compensation without deduction for the prior impairment, holding that the statutory schedule was absolute.

The governing statute, Minn. St. 176.101, subd. 3(41), provides that "[i]n all cases of permanent partial disability it is considered that the permanent loss of the use of a member is equivalent to and draws the same compensation as the loss of that member." That there was a total loss of the use of the member is not disputed. As in the statute at the time of Hessley and Warheim, no provision is made for deduction for a preexisting impairment. The legislature, by L. 1925, c. 219, amended G. S. 1923, § 4274(40), the equivalent of Minn. St. 176.101, subd. 3(41), to provide in part that "[i]n the event a workman has been awarded, or is entitled to receive, a compensation for loss of use of a member under any workmen's compensation law, and thereafter sustains a loss of such member under circumstances entitling him to compensation therefor under [the Workmen's Compensation Act], the amount of

---

[1] The commission relies on the same authority, and, in addition, its own internal precedent of Ziemba v. Spetz & Berg Plumbing Co. 10 W. C. D. 269 (1938).

compensation awarded, or that he is entitled to receive for such loss of use, shall be deducted from the compensation due under the schedules of this Act for the loss of such member." This was an obvious legislative reversal of the result in Warheim. It is just as obvious, however, that the legislature did not reverse the result in Hessley, thus inferentially approving it. The factual situation here is, of course, analogous to Hessley and not to Warheim. The only factual difference between Hessley and the case at bar is that in this case the orb itself was not removed. This difference does not, in our view, distinguish the two cases. It may well be, as relators contend, that future advances in medicine might diminish an existing visual impairment whereas such possibility is wholly foreclosed by removal of the orb itself. This, however, is speculative at best, and the statute must be applied to the situation as it now exists. With or without the orb, the employee has lost the use of the eye, which is equivalent to the loss of the member.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.