WEAVER v. MAXWELL MOTOR CO.

MASTER AND SERVANT — WORKMEN'S COMPENSATION—PARTIAL DISABILITY—STATUTES—CONSTRUCTION.

Under sections 9 and 10, pt. 2, Act No. 10, Extra Session 1912 (2 How. Stat. [2d Ed.] §§ 3955, 3956), providing that when incapacity for work resulting from claimant's injury is total the employer shall pay, or cause to be paid, a compensation equal to one-half his average weekly

wages, etc., etc., and that while the incapacity resulting from the injury is partial the employer shall pay one-half the difference between the average weekly wages before his injury and. the average earnings he was able to obtain thereafter, a claimant who had lost one eye at the time of his injury which later caused the entire loss of the other was entitled only to the compensation for partial disability, not the amount which would have been payable to an employee who lost both his eyes in the accident complained of.

Certiorari to the Industrial Accident Board. Submitted April 12, 1915. (Docket No. 43.) Decided June 7, 1915.

Charles Weaver presented a claim against the Maxwell Motor Company for total incapacity resulting from the loss of both eyes. An award granting compensation as for total incapacity to work is reviewed by the contestant on certiorari. Reversed.

*Fred L. Vandeveer* (*Cummins, Nichols & Rhoads,* of counsel), for appellant.

*Person, Shields & Silsbee,* for appellee.

MOORE, J. This case is certiorari to the Industrial Accident Board. The facts are stipulated. We quote sufficiently for the purpose of this case:

"The character and nature of the injury and the result thereof is as follows: 'The end of a crowbar struck me in the left eye, causing an injury which has permanently destroyed the sight of this member.' Due to an injury received about seven years ago while. working in a dyeworks, applicant received an injury which cost him practically the total loss of sight of the right eye. At the present time the sight of both eyes is limited only to a perception of light. Applicant received no injury to his right eye due to the accident of July 3, 1913, to the left eye. * * * Applicant contends that by reason of the loss of his left eye, due to the accident of July 3, 1913, and the

loss of the right eye, due to the accident of some seven years ago, that he is now totally and permanently incapacitated from work, and therefore entitled to compensation up to the limit allowed by the act, viz., $4,000. Respondent claims that it is liable only for the injury which was received while in its employ, viz., the loss of the left eye, and should pay compensation for but 100 weeks, or a total amount of $1,000."

The ruling of the Industrial Accident Board was as follows:

"This cause having come on to be heard before the full board on stipulation and waiver, agreeing, among other things, that the applicant by the accident in question lost the sight of his only eye, the result being blindness and total incapacity for labor, and the same having been argued by counsel and written brief filed therein, and due consideration thereof having been had by the board, it is ordered and adjudged that said applicant is entitled to receive and recover from said respondents compensation at the rate of $10 per week for a period of 400 weeks from the date of accident in said cause; said compensation to be paid in weekly payments in accordance with the provisions of the workmen's compensation law."

The questions involved call for a construction of portions of Act No. 10, Extra Session of 1912 (2 How. Stat. [2d Ed.] § 3939 *et seq.*).

Section 9, pt. 2, of the act reads:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to one-half his average weekly wages, but not more than $10.00 nor less than $4.00 a week; and in no case shall the period covered by such compensation be greater than five hundred weeks, nor shall the total amount of all compensation exceed $4,000."

Section 10 of part 2 provides in part as follows:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to

be paid as hereinafter provided, to the injured employee a weekly compensation equal to one-half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than $10 a week; and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of injury. In cases included by the following schedule the disability in each such case shall be deemed to continue for the period specified, and the compensation so paid for such injury shall be as specified therein, to wit:    *    *    *

"For the loss of an eye, fifty per centum of average weekly wages during one hundred weeks.

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof, shall constitute total and permanent disability, to be compensated according to the provisions of section 9."

Counsel upon the oral argument and in the printed briefs stated that after diligent search they were unable to find a case in point. Since the case was submitted counsel for the claimants has called the attention of the court and opposing counsel to the case of *State, ex rel. Garwin,* v. *District Court,* 129 Minn. 156 (151 N. W. 910), which is a case on all fours as to the facts. It is not a precedent in the instant case, however, because the Minnesota statute contains language not found in the Michigan statute, reading:

"If an employee receives an injury, which, of itself, would only cause permanent partial disability, but which, combined with a previous disability, does in fact cause permanent total disability, the employer shall only be liable for the permanent partial disability caused by the subsequent injury."

And it was held the compensation should be based upon the permanent partial disability, and not, as claimed by the appellant, on the basis of permanent total disability.

It must be confessed that the provisions of the Michigan statute are so ambiguous as not to be free

from doubt, as is evidenced by the diverse constructions put upon it by the able counsel employed in the case before us. All of its provisions, however, should be given effect, if possible. The compensation fixed in section 9 must be based upon the fact that the total incapacity for work resulted from the injury. Section 10 deals with the partial incapacity for work resulting from the injury, and fixes the compensation, and then proceeds:

"For the loss of an eye fifty per centum," etc. "The loss of ·* * * or both eyes * * * shall constitute total and permanent disability."

In the instant case the loss of the first eye was a partial disability for which, if our workmen's compensation law had been in existence, the then employer would have been liable, and for which disability the present employer was in no degree the cause. The loss of the second eye, standing by itself, was also a partial disability, and of itself did not occasion the total disability. It required that, in addition to the results of the disability occasioned by the accident of seven years ago, there should be added the results of the partial disability of the recent accident to produce the total disability. The absence of either accident would have left the claimant partially incapacitated. We think it clear the total incapacity cannot be entirely attributed to the last accident. It follows that the compensation should be based upon partial incapacity; and it is so ordered.

The case will be remanded for further proceedings.

BROOKE, C. J., and McALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.