COLLINS *v.* ALBERT A. ALBRECHT CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS
   OF EYE—WHAT CONSTITUTES.

   Where plaintiff was blind in one eye, and while working as
   a carpenter received an injury to the other eye, destroying
   75 per cent. of its vision, so that he was unable thereafter
   to work at his occupation of carpenter, he has lost an eye
   within the meaning of the workmen's compensation act,
   although he still has 25 per cent. of vision in the injured
   eye.

2. SAME—TOTAL DISABILITY—LOSS OF EYE—COMPENSATION.

   Since the accident in question, standing alone, would not
   have caused total, but only partial, disability, plaintiff
   should be awarded the specified amount fixed by the
   statute for the loss of an eye rather than an award as for
   total disability. *Weaver* v. *Maxwell Motor Co.*, 186 Mich.
   588.

Certiorari to Industrial Accident Board.  Submitted
October 21, 1920.    (Docket No. 39.)    Decided De-
cember 21, 1920.

Alex. Collins presented his claim for compensation
against the Albert A. Albrecht Company for injuries
received in defendant's employ.  From an order
awarding compensation, defendant and the General
Fire & Life Assurance Corporation, Limited, insurer,
bring certiorari.  Reversed and remanded.

*Kerr & Lacey*, for appellants.

*Douglas, Eaman, Barbour & Rogers*, for appellee.

BIRD, J.  Plaintiff is a carpenter by trade.  Defend-
ant Albrecht Company is a contractor engaged in con-
struction work.  While employed by defendant in

On amount recoverable for the loss of an eye under workmen's
compensation act, see notes in L. R. A. 1916A, 136, 254; L. R. A.
1917D, 167.

September, 1917, plaintiff suffered a serious injury to his right eye, due to a flying nail which came in contact with it. Having some years previously lost the sight of his left eye, he was practically blind for a time. Since his recovery it is found that he has lost 75 per cent. of vision of the injured eye. Following the injury the defendant insurance company voluntarily paid him a weekly award equal to that specified in the statute for the loss of an eye, and this it continued to do for a period of 99 weeks. It then refused to make further payment, whereupon plaintiff applied for arbitration. This was granted, and, after a hearing, the arbitrators made an award of $10 a week during disability. From this award the defendants appealed and the matter was passed upon and affirmed by the industrial accident board.

It is the contention of defendants that the testimony does not justify this award, that the maximum allowance which could be awarded is $10 a week for 100 weeks, the statutory allowance for the loss of an eye. Counsel further express doubt as to whether any award could be legally made.

Plaintiff's counsel argue, in support of the award, on the theory that plaintiff has not lost an eye; that he still has 25 per cent. vision in the injured eye, but is incapacitated for work in the employment in which he was engaged. After considering with some care the testimony bearing on the loss of vision of plaintiff's injured eye we have concluded that plaintiff has lost an eye within the meaning of the compensation law. While the testimony shows that he has yet 25 per cent. vision in the injured eye and can get around the city, reads signs and locate offices in office buildings, it also shows that the remaining vision is insufficient to enable him to work at his trade. This is shown by the testimony of Dr. Waldeck, who testified

that he examined plaintiff on December 6, 1918, and found him

"totally blind in his left eye, that his right eye showed a dense, white scar on one side of it. A portion of his iris had been removed by a kind of operation, also an immature cataract was formed. Without glasses he had 20/80 vision, and with glasses he was, with difficulty, able to read a newspaper, and his sight will diminish; he has 25 per cent. vision now."

He also testified that he would not be able to work on a ladder or scaffold. That as a carpenter he had lost practically the use of his vision.

Having reached the conclusion that plaintiff has lost an eye, within the meaning of the compensation law, the question as to whether he shall receive the specified amount fixed by the statute for the loss of an eye, or an award for total disability, is one that is settled by the case of *Weaver* v. *Maxwell Motor Co.*, 186 Mich. 588. Upon a like state of facts it was there said:

"In the instant case the loss of the first eye was a partial disability for which, if our workmen's compensation law had been in existence, the then employer would have been liable, and for which disability the present employer was in no degree the cause. The loss of the second eye, standing by itself, was also a partial disability, and of itself did not occasion the total disability. It required that, in addition to the results of the disability occasioned by the accident of seven years ago, there should be added the results of the partial disability of the recent accident to produce the total disability. The absence of either accident would have left the claimant partially incapacitated. We think it clear the total incapacity cannot be entirely attributed to the last accident. It follows that the compensation should be based upon partial incapacity."

We think this case must control the present one and

that plaintiff should be awarded the statutory allowance for the loss of an eye.

The award made by the industrial accident board will be set aside and the record remanded for further proceedings agreeable to this opinion. No costs will be allowed either party.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.