STAMMERS *v*. BANNER COAL CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF 95 PER CENT. OF VISION LOSS OF EYE.

The loss of 95 per cent. of the vision of an eye in an industrial accident is the loss of the eye within the meaning of the workmen's compensation act, since the usefulness of the eye for all practical purposes has been lost.

2. SAME—LOSS OF EYE—COMPENSATION FOR SPECIFIC AMOUNT IN ADDITION TO THAT FOR DISABILITY.

Plaintiff was properly awarded compensation for the period of disability resulting from the accident to the eye, and, in addition, the specific compensation for 100 weeks provided by the statute for the loss of an eye, dating from the time of the determination that the accident had resulted in the loss of the eye.

Certiorari to Industrial Accident Board.  Submitted April 27, 1921.  (Docket No. 78.)  Decided June 6, 1921.

Henry Stammers presented his claim for compensation against the Banner Coal Company for accidental injuries received in defendant's employ.  From an order awarding compensation, defendant and the Employers' Liability Assurance Corporation, Limited, insurer, bring certiorari.  Affirmed.

*Frederick T. Witmire,* for appellants.

*W. J. Nash,* for appellee.

WIEST, J.  On April 29, 1920, while working as a miner for the Banner Coal Company, Henry Stammers met with an accident to his left eye.  He was treated

On amount of compensation recoverable for loss or impairment of eye sight under workmen's compensation acts, see note in 8 A. L. R. 1324.

by an eye specialist on May 3d and a foreign substance, apparently coal, was found in the cornea near the center of the pupil of the eye, causing a violent infection about which an ulcer had fully developed. June 6th the doctor had succeeded in reducing the infection and ulcer and found he could do nothing further. On September 30, 1920, the doctor examined the eye and found the infection had subsided and that a permanent scar caused by the injury had left the eye with only 5 per cent. vision. On July 8, 1920, Mr. Stammers returned to work, taking up the same employment in which he was engaged at the time of his injury and earned as much as he had prior to the accident. Compensation was awarded him from the date of the accident until his return to work. Upon his return to work he was asked to sign settlement receipts and refused to do so. Thereupon a petition was filed with the industrial accident board and upon a hearing, at which testimony was taken, the board ordered defendant to pay compensation for the loss of the eye at the rate of $14 per week from September 30, 1920, for a period of 100 weeks.

Defendants bring the case here and contend that the board was in error:

"*First*, in finding that the injured had lost the eye within the meaning of the act, and

"*Second*, that if the eye was lost, it was lost as of April 29th, 1920, instead of September 30th, and that credit for the compensation advanced from April 29th to July 8th should be given and included in the 100 weeks compensation allowed by the act, instead of 100 weeks compensation from September 30th in addition to the compensation previously advanced."

Has plaintiff lost his eye? The usefulness of the eye for all practical purposes has been lost. A percentage of vision so slight as to be cognizant of strong. light only and to merely give impression of large ob-

jects and door and window openings can be of no use in industrial pursuits or any other vocation. Without the help of his other eye it would be impossible for him to work at all or to even go about the streets. The injured eye has lent no aid to plaintiff in his work since the accident.

We are urged by defendants to apply to this case the holding in *Keyworth* v. *Atlantic Mills* (R. I.), 108 Atl. 81, to the effect that the loss of 90 per cent. of normal vision of the eye, although such reduced vision is of no benefit in any vocational pursuit, is not an entire and irrecoverable loss of the sight of the eye. The statute under consideration in that case provided compensation for the entire and irrecoverable loss of the sight of either eye, and the case stresses such language of the Rhode Island statute.

We are of the opinion that appellee has lost his eye within the meaning of our statute, and that compensation was properly allowed during the course of the development of the injury to the permanent result, and the defendants are not entitled to be credited upon the compensation allowed by law for the loss of an eye with the weekly payments advanced from April 29th to July 8th.

The award is affirmed.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.