HAYES *v.* MOTOR WHEEL CORPORATION.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—WEIGHT OF EVIDENCE FOR DEPARTMENT—DETERMINATION CONCLUSIVE.

Under the workmen's compensation act, the weight of the evidence is for the department of labor and industry, and its determination, if sustained by evidence, is conclusive.[1]

2. SAME—LOSS OF EYE—IMPAIRED VISION FROM PREVIOUS INJURY.

Where an employee suffered an accidental injury necessitating the removal of an eye, evidence that, although said eye was injured when he was a boy, he yet had considerable practical use of it industrially, *held,* sufficient to sustain an award as for the loss of an eye under the workmen's compensation act.[2]

Certiorari to Department of Labor and Industry. Submitted January 6, 1926.    (Docket No. 24.)    Decided March 20, 1926.

Frank Hayes presented his claim for compensation against the Motor Wheel Corporation for an accidental injury in defendant's employ.    From an order awarding compensation, defendant brings certiorari.    Affirmed.

*Thomas, Shields & Silsbee,* for appellant.

*Dwight L. Wilson,* for appellee.

CLARK, J.    Certiorari to the department of labor and industry.    Plaintiff suffered an accidental personal injury resulting in the loss of an eye, that is, the member itself.    The same eye had been injured when he was a boy, and before the passage of the compensation act.    If the former injury left the eye useless

[1]Workmen's Compensation Acts, C. J. § 127; [2]Id., C. J. § 114. Recovery under workmen's compensation acts for loss or impairment of eyesight, see notes in 8 A. L. R. 1324; 24 A. L. R. 1466.

for all practical purposes, then plaintiff by the later accident resulting in the loss of the member itself has not lost an eye within the meaning of the act. If the former injury left considerable faculty of vision, capable of considerable practical use industrially, the commission might find that the later accident had resulted in the loss of an eye under the act, and might make the specific award therefor. The commission found:

"We find that while the plaintiff had a defective eye caused by the injury received when he was a small boy and which greatly impaired his vision in this eye, yet he had some vision and some use of the eye previous to the instant accident."

and made the specific award.

The inquiry here is, Was there any evidence to support the finding? We quote from plaintiff's testimony:

"*Q.* Now, did you have sight in that eye?
"*A.* Yes, sir.
"*Q.* Describe what sight you did have.
"*A.* I could distinguish an object between me and the light. By holding my fingers up to a light, I could count them.
"*Q.* Anything else? Could you distinguish between night-time and day-time?
"*A.* Yes, sir.
"*Q.* How about an open door?
"*A.* I could distinguish an open door.
"*Q.* Could you see any other objects between you and the light other than your fingers if you held them up?
"*A.* Yes, sir.
"*Q.* What other object? Any objects?
"*A.* Yes, whatever was between me and the light. Like walking down the street. I could go past poles between me and the light. I could tell that I was passing them.
"*Q.* Could you distinguish the outline of the pole?
"*A.* Just see the object.
"*Q.* Could you tell it was a pole?

"*A.* Yes, I could tell it was something round. * * *

"*Q.* Were you able to use your right eye any before this last accident in February?

"*A.* Yes, sir.

"*Q.* In what way?

"*A.* When driving a truck, when shoveling, I shovel right handed, I could see the object on the right side of me.    Saved me from turning clear around to see where I was putting the dirt.

"*Q.* What would that object be?

"*A.* The truck.

"*Q.* When shoveling under the truck?

"*A.* When shoveling on to the truck."

There was also much testimony to the effect that the eye was practically sightless, some of it drawn from plaintiff himself on cross-examination.    But the weight of all the evidence was for the commission.    Its determination of the fact is conclusive on this court. There being some evidence that the eye, at the time of the accident in question, was of some considerable and practical use industrially to plaintiff, the case falls within the rule of *Purchase* v. *Refrigerator Co.,* 194 Mich. 103, and of *Liimatta* v. *Calumet & Hecla Mining Co.,* 229 Mich. 41, in which latter case other cases here cited as conflicting are discussed.

Affirmed.

Bird, C. J., and Sharpe, Snow, Steere, Fellows, Wiest, and McDonald, JJ., concurred.