CRANE v. ÆTNA PORTLAND CEMENT CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF
   EYE—LOSS OF 87 PER CENT. OF VISION NOT LOSS OF EYE.
   Where an employee, in the course of his employment, re-
   ceived an accidental injury to his right eye which de-
   stroyed about 87 per cent. of its vision, but the remaining
   13 per cent. is of service in his occupation and outside
   thereof, it cannot be said that he has lost an eye within
   the meaning of the workmen's compensation act.[1]

Certiorari to Department of Labor and Industry.
Submitted January 6, 1926.    (Docket No. 23.)    De-
cided March 20, 1926.

Glen Crane presented his claim for compensation
against the Ætna Portland Cement Company and the
Liberty Mutual Insurance Company, insurer, for the
accidental loss of an eye in defendant's employ.    From
an order denying compensation, plaintiff brings cer-
tiorari.    Affirmed.

*Roy E. Brownell*, for appellant.

*Kerr, Lacey & Scroggie*, for appellees.

WIEST, J.    January 21, 1925, while in the employ
of Ætna Portland Cement Company, plaintiff received
an injury to his right eye.    An agreement was made
to pay him compensation during disability and ap-
proved by the department of labor and industry.    Feb-
ruary 21, 1925, plaintiff returned to his former em-
ployment and is earning the same wages as before the
accident.    Defendant cement company asked that
compensation be stopped and plaintiff asked to be
awarded compensation for loss of his eye.    A deputy

[1]Workmen's Compensation Acts, C. J. § 92.
   Recovery under workmen's compensation act for loss or im-
pairment of eyesight, see notes in 8 A. L. R. 1324; 24 A. L. R.
1466.

commissioner awarded plaintiff $14 per week for 100 weeks for loss of eye. An appeal was taken and the department set the award aside and stopped payment under the agreement. By certiorari this order is here reviewed.

The evidence supports the finding of the department. Plaintiff has not lost an eye within the meaning of the workmen's compensation law. He has an injured eye, the efficiency of which has been materially lessened, but it is still of beneficial service. The evidence shows that he reads letters at 20 feet he should be able to read at 150 feet; he can see figures on a calendar but cannot tell what they are; on fine work he cannot see; that he could not perform certain duties in the blacksmith shop, such as the use of the shaper, but he could thread a bolt; that he could read large figures and had tested himself by closing his good eye in the shop and he could see machinery sitting there; in looking out of a window about six feet away from him he could see buildings but could not see any printing on them; in looking at a sign across the street he could see a white streak, but could not tell what the letters were; in looking at the people on the street from the inside of a building he said they looked like black things, and he could distinguish the color of a building viewed from a window. The evidence also shows the sight of the eye is about 87 per cent. destroyed, but the remaining 13 per cent. is of service in his occupation and outside thereof.

We need spend no time in reviewing the many decisions bearing on the subject, for we have a concrete example before us, in another case, showing how fallacious it would be to hold that plaintiff has lost an eye. Suppose plaintiff receives another injury to that eye, destroying its remaining sight, could it then be said he had nothing to lose because 13 per cent. vision is useless? That, in substance, is the question

decided in the negative in *Hayes* v. *Motor Wheel Corporation*, 233 Mich. 538, and disposes of this case. Plaintiff's eye still renders him service and he still has vision to lose before it can be said he has lost his eye.

The finding of the board is affirmed, with costs against plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.