Under the statute, loss of an eye means loss of the sight or vision of the eye. Rye v. Chevrolet Motor Co., 229 Mich. 39. No specific award is allowable for partial loss of an eye, but such an injury is compensable only under the general provisions of the law and if it reduces earning capacity. Hirschkorn v.Fiege Desk Co., 184 Mich. 239. However, loss of an eye does not require total loss of sight. Where sight is destroyed to the extent that no vision useful in industry remains, the eye is lost, even though some sight continues. But if any vision useful in industry remains, the eye is not lost. Purchase v.Grand Rapids Refrigerator Co., 194 Mich. 103; Stammers v.Banner Coal Co., 214 Mich. 215; Liimatta v. Calumet HeclaMining Co., 229 Mich. 41; Hayes v. Motor WheelCorp., 233 Mich. 538; Crane v. Ætna Portland Cement Co.,234 Mich. 110; Banker v. Chevrolet Motor Co., 244 Mich. 1. If, by the aid of glasses, the vision may be increased to industrial usefulness, the eye is not lost (Cline v. StudebakerCorp., 189 Mich. 514 [L.R.A. 1916C, 1139]), unless the glasses will prevent *Page 645 
useful co-ordination of the eyes (Suggs v. Ternstedt Manfg.Co., 232 Mich. 599).
A variation of the rule occurs where one eye has been previously destroyed, and compensation is sought for loss of the remaining eye. Although, as a matter of fact, loss of the remaining eye results in total disability, it is held to be only partial disability arising from the accident and compensable specifically as for loss of an eye and not generally as for disability. Weaver v. Maxwell Motor Co.,186 Mich. 588 (L.R.A. 1916B, 1276, Ann. Cas. 1917E, 238). And where injury to the remaining eye, causing less than blindness, incapacitates the employee from following his trade, it is compensable as for loss of an eye, even though considerable vision remains which would have been useful in industry were the other eye functioning. Collins v. Albrecht Co., 212 Mich. 147
. This variation seems to be one of necessity, arising out of the situation that such injury to the eye is clearly compensable because it results in decreased earning capacity, but, as held in the Weaver Case, it is not considered a total disability, and, because of the prior destruction of the other eye, no basis remains upon which an award of general compensation for partial disability may be computed, where total incapacity to follow the trade follows the injury. SeeWinn v. Adjustable Table Co., 193 Mich. 127. The CollinsCase is not applicable to the situation at bar.
The cases display considerable variety and divergency, but we are not called upon to reconcile them. It may be noted that, except in the Collins Case, where the board had held that the injury to the remaining eye had caused total disability and was compensable as such under the general provisions of the statute, the decisions of the compensation *Page 646 
board on loss of an eye have been uniformly affirmed by this court. The application of the test to a specific case is very largely a question of fact upon which the finding of the board is conclusive, if supported by evidence. Liimatta v. Calumet Hecla Mining Co., supra; Hayes v. Motor Wheel Corp., supra;Banker v. Chevrolet Motor Co., supra.
In the instant case, there was testimony that plaintiff's eyes, without corrective glasses, co-ordinate so that he has the simultaneous benefit of the whole sight of the right eye and the protective vision of the left eye. Corrective glasses would increase the sight of the injured eye to from 66 2/3 to 80 per cent. of normal, but would cause want of co-ordination with the other. However, the possibility of such increase is valuable because, if the good eye be later destroyed, the injured one could then be brought back to a considerable proportion of normal vision.
Plaintiff can see objects and count his fingers with the left eye. One doctor testified that his protective sight is useful in industry, that it enables him to see objects at the side and may protect him from being struck, and another said his peripheral vision is of a decided benefit to him in a factory or industry. As a matter of fact, he has been earning more wages than before the accident and at the same machine.
The case presents an issue of fact upon which the decision of the board is final, and it is affirmed, with costs.
BUTZEL, C.J., and CLARK, SHARPE, and NORTH, JJ., concurred with FEAD, J.