LINDHOUT *v.* BROCHU & HASS.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LOSS OF EYE.

   Where injury to employee's eye rendered it useless for industrial purposes, there being no co-ordination between the eyes either with or without glasses, department of labor and industry was justified in awarding compensation for loss of eye, under workmen's compensation act.

2. SAME—DEPARTMENT'S DECISION ON ISSUE OF FACT FINAL.

   Where issue of fact is presented as to whether injury to employee resulted in loss of eye, decision of department is final.

Certiorari to Department of Labor and Industry. Submitted June 9, 1931. (Docket No. 123, Calendar No. 35,717.) Decided October 5, 1931.

John Lindhout presented his claim against Brochu & Hass, employer, and General Casualty & Surety Company, insurer, for an accidental injury in defendant's employ. From an order awarding compensation, defendants bring certiorari. Affirmed.

*Francis L. Williams* and *Charles F. Hext,* for plaintiff.

*John P. MacKay,* for defendants.

BUTZEL, C. J. Brochu & Hass, employer, and General Casualty & Surety Company, insurer, de-

As to compensation recoverable for loss or impairment of eyesight, see annotation in 8 A. L. R. 1324; 24 A. L. R. 1466; 73 A. L. R. 706.

As to conclusiveness of findings of fact by commission, see annotations in L. R. A. 1916A, 266; L. R. A. 1917D, 186.

fendants, appeal from the award of the department of labor and industry, to John Lindhout, employee and plaintiff, for the loss of an eye. A piece of steel, chipped from a hammer, penetrated the cornea of the plaintiff's eye while he was at work at his trade of tool and die maker, and was removed with a magnet. A cataract developed and was subsequently removed by an operation. The eyesight of the injured eye was destroyed, but with the use of a proper lens the vision was restored and increased about 25 per cent. Without the use of glasses, however, the vision of the injured eye is dim, and useless for industrial purposes, but for other uses sufficient to "see large objects at the sides and up and down."

The facts in the case are very similar to those in *Suggs* v. *Ternstedt Manfg. Co.*, 232 Mich. 599, where compensation was allowed for the loss of an eye. Appellants' appeal is based entirely upon the recent case of *Powers* v. *Motor Wheel Corp.*, 252 Mich. 639 (73 A. L. R. 702), where the denial of an award for the loss of an eye by the department was affirmed. In the latter case, however, it was shown that claimant still had "protective" or "peripheral" vision in the injured eye, and that when glasses were not used, the two eyes co-ordinated. There is no such showing in the present case. Dr. Campbell, an expert, testified that claimant could not use his eye for any kind of industrial work without glasses, and with glasses he could only use the eye alone as the eyes would not coordinate with each other; that "he will always use his uninjured eye to the exclusion of the injured eye, either with glasses or without." The effect of the injury is such that plaintiff's vision will always

be limited to the use of only one eye at a time. The instant case differs from that of *Powers* v. *Motor Wheel Corp., supra,* in which there was proof that the eyes co-ordinated when no glasses were used. In the latter case, the various cases regarding injury to, and loss of, an eye, are reviewed in the majority opinion, where we said:

"The cases display considerable variety and divergency, but we are not called upon to reconcile them. It may be noted that, except in the *Collins Case,* where the board held that the injury to the remaining eye had caused total disability and was compensable as such under the general provisions of the statute, the decisions of the compensation board on loss of an eye have been uniformly affirmed by this court. The application of the test to a specific case is very largely a question of fact upon which the finding of the board is conclusive, if supported by evidence. *Liimatta* v. *Calumet & Hecla Mining Co.,* 229 Mich. 41; *Hayes* v. *Motor Wheel Corp.,* 233 Mich. 538; *Banker* v. *Chevrolet Motor Co.,* 244 Mich. 1."

The instant case, as we stated in the *Powers Case,* "presents an issue of fact upon which the decision of the board is final." The award is affirmed, with costs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.