MARRS v. FORD MOTOR CO.

WORKMEN'S   COMPENSATION—EYE   INJURY—LOSS   OF   VISION—
STATUTES.
  Employee from whose right eye a cataract had been removed but
    who still had more than 20 per cent. vision before injury dur-
    ing employment with defendant and less than 20 per cent.
    vision after such injury sustained a total loss of the eye within
    the meaning of the statute providing that for the purpose of
    the workmen's compensation act "80 per cent. loss of vision
    of 1 eye shall constitute the total loss of that eye," and was
    entitled to the specific award of workmen's compensation for
    the total loss of such eye (2 Comp. Laws 1929, § 8426, as
    amended by Act No. 245, Pub. Acts 1943),

Appeal from Department of Labor and Industry.
Submitted January 11, 1946. (Docket No. 43, Cal-
endar No. 43,166.)  Decided June 28, 1946.

John Marrs presented his claim against Ford
Motor Company, employer, for compensation for
loss of eye. Award to defendant. Plaintiff appeals.
Reversed.

*Maurice Sugar (Benjamin Marcus* and *Jerome W.
Kelman,* of counsel), for plaintiff.

*E. C. Starkey* and *William J. Jones,* for defend-
ant.

BUTZEL, C. J. John Marrs, plaintiff herein, claims
that on July 31, 1943, while working for the Ford

Motor Company, defendant, he suffered a hemorrhage of the right eye, which in turn precipitated a secondary glaucoma, causing total loss of vision of the eye. The department of labor and industry denied him compensation, finding that due to a previous removal of a cataract resulting in the loss of binocular vision (the ability to coordinate the vision of the eyes), he had already lost the vision of the eye prior to July 31, 1943. Plaintiff appeals claiming that prior to July 31, 1943, he still had useful vision of the right eye, and that the subsequent loss of such vision constitutes a specific loss of an eye within the meaning of the compensation act. Defendant, appellee, in its counter-statement of questions involved, raises but the single question:

"Is there any evidence to sustain the finding of fact made by the department of labor and industry that plaintiff had lost useful vision of his eye prior to the injury of July 31, 1943?"

The department in its opinion stated as follows:

"The defendant contends, further, that the plaintiff did not have an eye to lose within the meaning of the workmen's compensation law and it is our opinion that this defense must prevail. The vision in the right eye prior to the hemorrhage was 20/200 without glasses and 20/40 with glasses. This would constitute industrial vision in and of itself but it did not co-ordinate with the vision in the left or good eye. The plaintiff had had a cataract in his right eye and the cataract had been removed. The medical testimony indicates that when a cataract is removed the individual does not use the operated eye as long as the other eye is a good eye because the two images do not fuse together. In other words, an attempt to use the two eyes together would result in double vision. Our Supreme Court, under an identical situation has held that vision in

an eye which cannot be used because the eye will not co-ordinate with the opposite eye constitutes a loss of vision within the meaning of the workmen's compensation act. *Lindhout* v. *Brochu & Hass,* 255 Mich. 234. In that case the plaintiff was awarded compensation for loss of vision even though he had vision in the eye for the reason that he could not use that vision in connection with the uninjured eye. It, therefore, appears to us under the decision of the court in the *Lindhout Case, supra,* that the plaintiff did not have an eye to lose within the meaning of the workmen's compensation law at the time he sustained his hemorrhage on July 31, 1943. The plaintiff is not, therefore, entitled to compensation and the award of the deputy commissioner is modified in accordance with this opinion.''

Section 10 of part 2 of the workmen's compensation act was amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8426, Stat. Ann. 1945 Cum. Supp. § 17.160), which became effective just prior to July 31, 1943. The amendment is in part as follows:

''For the purpose of this act 80 per cent. loss of vision of 1 eye shall constitute the total loss of that eye.''

By adding the above definition the legislature has given us a rule that we are bound to follow in the case of loss of vision of one eye. The question in the instant case is whether claimant lost industrial vision of ''one eye.'' The department did find that prior to the hemorrhage, the one eye had 20/40 vision with glasses (*Cline* v. *Studebaker Corp.,* 189 Mich. 514 [L. R. A. 1916 C, 1139]), and that claimant now has no vision left in that eye. The department found that prior to the injury plaintiff had industrial vision. This is supported by the testimony that the plaintiff then had 20/40 vision, which

establishes industrial vision, prior to the injury. Total loss of vision of this one eye, therefore, entitles claimant to compensation.

The case is remanded to the department in order to make an award for plaintiff, who will recover costs.

BOYLES, REID, and NORTH, JJ., concurred with BUTZEL, C. J.

STARR, J. I concur in Justice BUTZEL's conclusion that plaintiff was entitled to compensation for the total loss of his right eye.

The 1943 amendment of part 2, § 10, of the workmen's compensation law * provides in part: "For the purpose of this act 80 per cent. loss of vision of 1 eye shall constitute the total loss of that eye." Under this amendment the test to be applied in the present case is, what vision did plaintiff have in his right eye prior to his injury, and what vision remained after the injury? The testimony supports the department's finding that he had industrial vision in this eye prior to the injury. This was in effect a finding that he had more than 20 per cent. of vision. The injury resulted in total loss of vision. Therefore, he had less than 20 per cent. of vision remaining after the injury and had sustained an "80 per cent. loss of vision," or a "total loss" of the eye within the meaning of the statute. He was entitled to the specific award for the total loss of his right eye.

CARR, BUSHNELL, SHARPE, and BOYLES, JJ., concurred with STARR, J.

* 2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8426, Stat. Ann. 1945 Cum. Supp. § 17.160).