SORENSEN *v.* GRAND RAPIDS METALCRAFT.

1. Workmen's Compensation—Successive Injuries—Loss of All Fingers—Hand Injury.

Plaintiff who had lost the thumb and first and second fingers of left hand 30 years previously and while in defendant's employ suffered a later injury whereby amputation of all but about one-half inch of the third and fourth fingers of that hand was necessitated but without injury to any of the metacarpals was entitled to workmen's compensation for loss of 2 fingers and not for the loss of a hand, the ultimate disability or loss being occasioned by the results of 2 injuries acting in conjunction (CL 1948, § 412.10).

2. Same—Partial Disability—Successive Injuries—Specific Compensation for Second Injury.

Ultimate partial disability or loss occasioned by the results of 2 successive injuries acting in conjunction entitles the injured employee to workmen's compensation for specific compensation awardable for only the later injury (CL 1948, § 412.10).

Appeal from Workmen's Compensation Commission. Submitted April 10, 1952. (Docket No. 32, Calendar No. 45,263.) Decided June 2, 1952.

L. J. Sorensen presented his claim for compensation against Grand Rapids Metalcraft Division of F. L. Jacobs Company, employer, for compensation for injuries sustained while in its employ. Award

References for Points in Headnotes
[1, 2] 58 Am Jur, Workmen's Compensation §§ 278, 279, 338.

to plaintiff for loss of hand. Defendant appeals. Reversed and remanded for entry of award for loss of 2 fingers.

*Lilly, Luyendyk, Hainer, Hillman & Karr (Stephen W. Karr,* of counsel), for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

Dethmers, J. Plaintiff lost the thumb, first and second fingers of his left hand in 1919. In 1949, he sustained an accidental injury in defendant's employ necessitating the amputation of all but about one half inch of the third and fourth fingers of that hand.[*] There was no injury to the palm or to any of the metacarpals. The commission allowed compensation for specific loss of a hand. Defendant appeals, contending that compensation should have been allowed only for specific loss of the last mentioned 2 fingers.

Defendant relies on *Winn* v. *Adjustable Table Co.,* 193 Mich 127 (13 NCCA 612) ; *Weaver* v. *Maxwell Motor Co.,* 186 Mich 588 (LRA1916B, 1276, Ann Cas 1917E, 238), and *Collins* v. *Albert A. Albrecht Co.,* 212 Mich 147. In the last 2 cases this Court rejected the idea that injury occasioning the loss of an eye should be compensated as for total disability because of the previous loss of the other eye. In the *Winn Case* plaintiff had previously lost the first, second and fourth fingers, and in the accident in question the third, rendering him unable to continue at his trade as a carpenter. This Court reversed the commission award of compensation for total disability and held "The injury must be treated simply as a loss of the third finger."

---

[*] See CL 1948, § 412.10 (Stat Ann 1947 Cum Supp § 17.160).— Reporter.

Plaintiff distinguishes this from the *Weaver* and *Collins Cases* in that there the first injury was to ʹ1 member and the second to another, after which claim was made for total disability resulting from the loss of the 2 members, while here both injuries were to the same hand and claim is made only for ·specific loss of that hand and not for total disability. He distinguishes the *Winn Case* on the ground that ʹit involved claim for total disability and did not raise the question of whether, after previous loss of certain fingers leaving plaintiff with industrial use of the hand, subsequent loss of the remaining fingers can be compensated as for specific loss of ʹa hand when the 2 injuries combine to occasion actual industrial loss of the hand. In this connection plaintiff relies on *Liimatta* v. *Calumet & Hecla Mining Co.,* 229 Mich 41; *Marrs* v. *Ford Motor Co.,* 315 Mich 211; *Dyer* v. *Abrasive Dressing & Tool Co.,* 315 Mich 215, and *Purchase* v. *Grand Rapids Refrigerator Co.,* 194 Mich 103. These cases involve 2 injuries to the same eye. We held, in effect, that, if plaintiff's first injury left him with better than 20% vision in the injured eye and, hence, with impaired but industrial vision still, then the subsequent injury must be compensated as for total loss of the eye, if it occasioned the removal or total loss of vision of that same eye even though the eye, when so lost, was an infirm one.

While *Winn* v. *Adjustable Table Co., supra,* is distinguishable on the facts in the respects indicated by plaintiff, the distinction is without legal significance. In *Winn* and here, after the loss of 1 or 2 fingers, the commission undertook to combine such loss with the previous loss of the other fingers and, on that basis, to award compensation for something more than the specific loss of the fingers lost in the latest injury. In the *Winn Case* we held this to be contrary to the statute.

In relation to the problem before us, we think the controlling distinction to be made between the mentioned cases relied upon by plaintiff, and those mentioned above as relied upon by defendant, is that in the former group the loss of the eye therein involved was not found to be the result of the 2 injuries, but due solely to the last injury, even though the eye was at that time infirm, while in the latter group the ultimate disability or loss was occasioned by the results of 2 injuries acting in conjunction. In the latter cases we held defendant liable only for the specific loss caused by injury sustained in his employ and not for the disability resulting from that and some previous injury. This case falls within the latter classification and is controlled thereby.

Reversed and remanded for entry of an award in conformity herewith. Costs to defendant.

North, C. J., and Butzel, Carr, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.