BIANCO v. GENCO TOOL & GAUGE COMPANY.

1. WORKMEN'S COMPENSATION—COURT OF APPEALS—FINDING OF FACT BY WORKMEN'S COMPENSATION APPEAL BOARD.
   .Findings of fact made by the workmen's compensation appeal board are, when supported by the record, binding upon the Court of Appeals (CL 1948, § 413.12).

2. SAME—EYE INJURY—LOSS OF SECOND EYE.
   Findings of the workmen's compensation appeal board that claimant's loss of his second eye was unconnected with his employment and unrelated to prior injury to first eye, being

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation §§ 522, 532, 534.
[3] 58 Am Jur, Workmen's Compensation §§ 193, 197.
[4, 5] 58 Am Jur, Workmen's Compensation §§ 209, 210.
[6, 7] 58 Am Jur, Workmen's Compensation § 278.

supported by the record, *held*, binding upon the Court of
Appeals (CL 1948, § 413.12).

3. SAME—INTERPRETATION OF STATUTES.

Claimant who became blind in second eye following work-related
injury causing blindness in first eye *held*, clearly totally and
permanently disabled as such term is defined in workmen's
compensation act (CLS 1956, § 412.10).

4. SAME—PURPOSE—WORK-RELATED INJURIES.

The workmen's compensation act is intended to hold the em-
ployer liable only with regard to work-related injuries.

5. SAME — TOTAL AND PERMANENT DISABILITY — LIABILITY OF EM-
PLOYER.

Employer is not liable for total and permanent disability ben-
efits under workmen's compensation act, where the condition
from which the claimant becomes so disabled is in no way
related to a work-connected injury (CLS 1956, § 412.9, subd
[a]).

6. SAME—TOTAL AND PERMANENT DISABILITY—SECOND INJURY FUND.

The second injury fund is liable for total and permanent dis-
ability benefits to partially disabled employee entitled to com-
pensation from his employer for such partial disability, where
such employee thereafter becomes totally and permanently dis-
abled from a condition not related to his employment, and the
amount due from the employer is less than that allowed for
total and permanent disability and for a shorter duration
(CLS 1956, § 412.9, subd [a]).

7. SAME—TOTAL AND PERMANENT DISABILITY—SECOND INJURY FUND
—DIFFERENTIAL PAYMENTS.

Award of total and permanent disability benefits against em-
ployer of partially disabled employee who, while entitled to
compensation for partial disability, became totally and per-
manently disabled from causes unrelated to work, *held*, to
require remand for entry of award of differential payments
out of second injury fund for total and permanent disability,
rather than from the employer or its insurer (CLS 1956, § 412.9,
subd [a]).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 February 6, 1967, at
Detroit. (Docket No. 712.) Decided April 25, 1967.
Rehearing denied June 13, 1967.

Claim by Dominick Bianco against Genco Tool & Gauge Company and St. Paul Insurance Companies, insurance carrier, for workmen's compensation. Hearing referee awarded compensation to plaintiff, and defendants appealed. Appeal board affirmed referee. Defendants appeal. Affirmed in part, reversed in part, and remanded for entry of award against second injury fund.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General for Workmen's Compensation Department on application for rehearing.

*Rothe, Marston, Mazey, Sachs & O'Connell (B. M. Freid,* of counsel), for plaintiffs.

*Ward, Plunkett, Cooney, Rutt & Peacock (Thomas A. Neenan,* of counsel), for defendants.

T. G. KAVANAGH, J. This case involves a claim under the workmen's compensation law.[1]

In February, 1955, claimant Bianco was struck in the face by a piece of steel that flew out of the machine upon which he was working. He sustained a broken nose, a fractured skull, and an injury to his left eye resulting in the complete enucleation of that eye. After the injury he continued as a working partner of the firm (defendant Genco). Because of the increased strain on his right eye, he spent only 20% of his time in his skilled capacity as a tool and guage maker. The balance of his time was spent in the performance of managerial duties on behalf of the partnership.

On February 5, 1957, claimant noticed the sight in his right eye diminishing and ceased to work completely because total blindness, caused by a systemic

---

[1] CL 1948, § 411.1 *et seq.,* as amended (Stat Ann 1960 Rev § 17.141 *et seq.*).

condition, ensued.   He left the partnership in January, 1958.

After the 1955 injury to the left eye, claimant received, for the specific loss of that eye, compensation for 162 weeks.   That period of compensation expired on March 20, 1958, and in August, 1959, a petition for further compensation was filed.   The hearing referee found claimant to be totally and permanently disabled by virtue of the loss of vision of both eyes and ordered compensation to be paid at the rate of $36 per week for a period commencing on March 21, 1958, such period not to exceed 800 weeks.

Defendants took the matter to the workmen's compensation appeal board which affirmed the decision of the referee.   Defendants now appeal to this court.

The board found that claimant's loss of his second eye was unconnected to his employment and unrelated to the 1955 injury.   These findings of fact are supported by the evidence and are thus binding upon us.   CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).

Claimant clearly is totally and permanently disabled as that term is defined in section 10 of part 2 of the act.[2]   He claims that he is entitled to compensation from his employer (defendant Genco) for total and permanent disability, under section 9, subd (a).[3]

Plaintiff relies upon *Clark* v. *Chrysler Corporation* (1966), 377 Mich 140, as authority for his claimed right to compensation.   In that case plaintiff had lost one hand above the wrist and had the thumb, index, and middle fingers of his other hand amputated as a result of a work-related accident.   The appeal board awarded compensation for the specific loss of each hand.   Plaintiff appealed on the ground that he

---

[2] CLS 1956, § 412.10 (Stat Ann 1960 Rev § 17.160).
[3] CLS 1956, § 412.9 (Stat Ann 1960 Rev § 17.159).

was entitled to benefits for total and permanent disability and to differential benefit payments from the second injury fund. At the time plaintiff was injured, the act did not provide total and permanent disability benefits for the loss of industrial use of both hands. By an amendment to the act effective in August, 1956, such benefits were made available. The Supreme Court held that, beginning with the effective date of the amendment, plaintiff was entitled to compensation for total and permanent disability from his employer, and upon legislative increase of the benefit rate for such disability, then to differential payments from the second injury fund.

Defendants contend that they are not liable for total and permanent disability payments under section 9, subd (a), because the total and permanent disability did not result wholly from the work-related injury. In support of this proposition they cite *Weaver* v. *Maxwell Motor Co.* (1915), 186 Mich 588.

In the *Weaver Case*, the plaintiff had lost one eye before the workmen's compensation act had been enacted. He lost his other eye in an industrial accident when the act applied. The Supreme Court held that each loss by itself constituted only permanent partial disability. Since the total incapacity could not be entirely attributed to the compensable loss, the claimant was entitled only to compensation for partial disability.

At the time that *Weaver* was decided, part 2, section 9, did not provide for compensation for total and permanent disability benefits. That section has since been amended to provide for compensation for total and permanent disability and for differential payments out of the second injury fund. One of the purposes of the amendment is to soften some of the harshness of the *Weaver* rule.

The rationale underlying *Weaver* is that the workmen's compensation act is intended to hold the employer liable only with regard to work-related injuries. See CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151). This rationale is equally applicable to the employer's liability for total and permanent disability benefits under the amendment. However, the claimant's entitlement to differential payments out of the second injury fund is another matter. Section 9, subd (a) provides that if a claimant is totally and permanently disabled under the act (as is plaintiff in this matter), and if he is entitled to compensation from his employer under the act (as is plaintiff here), then he is entitled to differential payments out of the second injury fund if the amount of benefits he can receive under the act from his employer is less than the amount allowed for total and permanent disability, and if the period for which he can receive payments from his employer is shorter than the period provided for total and permanent disability compensation.

In this case plaintiff became totally and permanently disabled on February 5, 1957. At that time, he was receiving compensation under the act from his employer. Consequently, on that date he became entitled to differential payments out of the second injury fund to the extent that his benefit rate was less, and his period for receiving compensation was shorter, than the rate and period provided for total and permanent disability.

We conclude that the board was in error when it awarded plaintiff compensation from his employer for total and permanent disability. It should have, instead, awarded differential payments out of the second injury fund.

Reversed and remanded for amendment of the award in conformance with this decision.

LESINSKI, C. J., and QUINN, J., concurred.